359 So.2d 738 (1978)
Mary Perrin, wife of/and Robert F. PERRIN
v.
READ IMPORTS, INC., et al.
No. 9137.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1978.
*740 Harry A. Rosenberg, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for plaintiffs-appellees.
Robert H. Wood, Jr., Drury, Lozes & Curry, New Orleans, for defendants-appellants.
Before REDMANN, GARSAUD and DE SONIER, JJ.
REDMANN, Judge.
Fiat Motors of North America, Inc., appeals from a judgment of redhibition in favor of the purchaser of a new Lancia automobile against itself (as United States distributor) and the dealer who sold the car, and a further judgment against itself on the dealer's third-party demand. Plaintiff answers Fiat's appeal, seeking an increase in attorney's fees from $1,000 to $1,550. The dealer neither appeals nor answers.
We delete the award to the buyer of $375 finance charges because (insofar as they are not returnable upon pre-payment of the loan after satisfaction of this judgment) the buyer's use of the defective automobile is presumptively their equivalent; Farmer v. Fisk, La.1844, 9 Rob. 351; Harvey v. Kendall, 1847, 2 La.Ann. 748; Boudreaux v. Mazda Mtrs. of Am. Inc., La.App. 4 Cir. 1977, 347 So.2d 504 writ refused, La., 350 So.2d 1223.
We otherwise affirm the judgment appealed from.
Fiat, as distributor of foreign-made Lancia automobiles for the United States, is their quasi manufacturer, Media Pro. Consult. Inc. v. Mercedes-Benz of N.A. Inc., 1972, 262 La. 80, 262 So.2d 377, and is therefore liable as a manufacturer to the dealer on the third-party demand, La.C.C. 2531 (as amended, La. Acts 1974 No. 673 § 1), for the dealer's loss if caused by redhibitory defects.
Fiat's preliminary argument, that no evidence either proves or excuses tender of return of the automobile, is mistaken. The evidence includes a Lancia Customer Contract Report and a Complaint Resume (P-5 and -6) which state that plaintiffs' attorney approached the dealer to take the car back. This approach was sufficient tender; Ticheli v. Silmon, La.App. 2 Cir. 1974, 304 So.2d 792.
Fiat's second argument is that the defects were not redhibitory because some were in fact repaired and the remaining defects, though not repaired despite several requests by plaintiffs, were both minor and easily repairable in any event. This is a reasonable argument: for example, redhibition would be a harsh remedy for a malfunctioning dashboard light (one of plaintiffs' complaints) even if it had not yet been repaired after several visits to the dealer for that and other problems.
But ease of repair is not of itself a defense against redhibition, Prince v. Paretti Pontiac Co. Inc., La.1973, 281 So. 2d 112 (although it may have significance in a third-party claim against the manufacturer by a dealer who was obliged to perform the repair).
The basic test of whether a defect is a redhibitory one is whether it so affects the use of the thing sold that "it must lie supposed that the buyer would not have purchased it, had he known of the vice." C.C. 2520. To this test, however, the 1974 amendment of C.C. 2531 adds, as to the good-faith seller, that "if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price. . ." We do not have a single minor defect such as a malfunctioning dash light, and we therefore cannot rule on whether C.C. 2531 would authorize redhibition for non-repair of defects although the defects themselves be so minor as not to be redhibitory. Our facts are that many defects existed, each perhaps less-than-redhibitory by *741 itself, but sufficient together to support the trial judge's conclusion that it "must be supposed" that the ordinary buyer would not have bought had he known of the defects and the difficulty in getting them repaired.[1] See Dunlap v. Chrysler Mtrs. Corp., La.App. 4 Cir. 1974, 299 So.2d 495, writ refused, La., 302 So.2d 38; Ticheli, supra.
We conclude that the judgment awarding redhibition is supported by the record.
Fiat's third argument is that the judgment against the dealer is based in part on complaints attributable to the dealer alone.
There is merit to this argument. It is common knowledge that, for whatever reason, new car buyers sometimes experience considerable difficulty in getting minor complaints remedied by the dealer. The resulting determination by the buyer to demand redhibition might be the dealer's fault rather than the manufacturer's. If the dealer's failure to cure easily remediable defects as he is presumably obliged towards the manufacturer to do is the basis of a redhibition, it would be unjust to make the manufacturer accept return of the now-used car and pay to the dealer not merely the wholesale price it received but, much worse, the retail price of the car, including the dealer's profit, plus attorney's fees. The dealer ought not to recover loss caused by his own fault, at the expense of the manufacturer.
However, this is not such a case. The evidence establishes dealer fault only in relation to the dash light; the cutting of the wire by the dealer is related to that problem. The dealer did install the air conditioning and its problem might be the fault of the installation; but this is not established. The engine miss, the leaking right front, and the non-functional windshield wipers are, more probably than not, the manufacturer's fault. The manufacturer does not show that these items were so readily repairable that it was the dealer's own fault that redhibition resulted.
Attorney's fees under C.C. 2545 (as amended, Acts 1968 No. 84) were awarded against the manufacturer on the theory of imputation of knowledge of the defects, as in Rey v. Cuccia, La. 1974, 298 So.2d 840. Much of plaintiffs' trial work related to attempts at repair by the dealer, to establish entitlement to redhibition against the dealer under C.C. 2531. That work was unrelated to plaintiffs' claim against the manufacturer, who should therefore not pay attorney's fees for that part of the trial work. We conclude the $1,000 awarded by the trial court suffices for both trial and appellate work against the manufacturer.
The judgment is amended to delete the award of $375 expenses of sale and it is otherwise affirmed. Costs of appeal are to be divided equally.
NOTES
[1] The day after the purchase the car began stalling every few minutes, the engine was "missing" and the air conditioning malfunctioned (and the clock did not work); the car had to be towed back to the dealer the next day.

These first-known defects are presumed by law, C.C. 2530, to have pre-existed the sale because they appeared within three days of the sale. Later-appearing defects do not enjoy that status as a matter of law, but in the absence of other explanation, defects which do not usually result from ordinary use for the time passed may be inferred to have pre-existed the sale; Moreno's Inc. v. Lake Charles Cath. H.S. Inc., La. 1975, 315 So.2d 660 (air conditioning compressor which failed after two and a half years held defective at time of sale).
In the present case, the defects which appeared after the three-day presumptive period were of a nature that justifies application of the Moreno's rule. Leaks in the hoses of cooling system and windshield wipers were reported nine days after the sale. Water leaks in the right front of the car developed within two months. Thereafter the windshield wipers failed and a rear window leaked.
Altogether attempts at repair by the dealer, several days at a time, took about 40 days of the first 127 days after plaintiffs bought the car. (The dealer loaned plaintiffs another car during long repair-attempt periods.)
The worst defect the stalling of the engine was remedied, as were clock, hose leaks and rear window. But missing at high engine speeds, right front leak, windshield wipers (for lack of a part), dash light and air conditioning were not repaired.