368 So.2d 186 (1979)
Rae Marie DAIGLE
v.
ROBINSON BROTHERS, INC. et al.
No. 12437.
Court of Appeal of Louisiana, First Circuit.
February 12, 1979.
*187 Rae Marie Daigle, in pro. per.
R. Gray Sexton, Baton Rouge, of counsel for defendant-appellant, Robinson Brothers, Inc.
Shelby Easterly and Eugene R. Groves, Baton Rouge, of counsel for defendant-appellee, Ford Motor Co.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Defendant Robinson Brothers, Inc. (Appellant) appeals from judgment awarding plaintiff Rae Marie Daigle $950.00 as the cost of curing a defective paint job on a 1974 Mercury Comet automobile purchased by plaintiff from Appellant, and rejecting Appellant's third party demand against Ford Motor Company (Manufacturer) for reimbursement thereof. We affirm.
Although plaintiff has filed a brief in this court seeking additional recovery for inconvenience and other alleged damages, plaintiff has neither appealed nor answered Appellant's appeal. Under the circumstances we may not consider the claims made by plaintiff in brief alone. La.C.C.P. Article 2133. Accordingly, the scope of this appeal is limited to Appellant's third party demand against Manufacturer.
Subject vehicle, a white automobile, was purchased by plaintiff from Appellant on October 11, 1974. At the time of sale, the vehicle was somewhat dirty because it had been sitting on Appellant's lot since delivery to Appellant approximately five months prior to plaintiff's purchase. The vehicle was cleaned and prepared for delivery to plaintiff who noted the presence of rust spots on the car and so informed Appellant's salesman who told plaintiff that Appellant would clean the vehicle with a chemical compound. After accepting and driving the car, plaintiff began experiencing numerous problems with the vehicle. The radio was defective, the engine misfired, the trunk leaked and the rust spots became more prominent. These difficulties resulted in plaintiff returning the car to Appellant for corrective action on October 21, 1974, December 31, 1974, February 13, 1975, March 5, 1975, and May 15, 1975, as shown by Appellant's records. It is conceded the vehicle was also returned on other occasions, the number of which is in dispute between plaintiff and Appellant. When the vehicle was returned October 21, 1974, a repair order issued by Appellant indicated that a "rust problem" would be taken care of "later."
It is shown that the vehicle was shipped from manufacturer's assembly plant in Atlanta, Georgia, via open motor carrier, through Birmingham, Alabama, to Baton Rouge. There is no dispute over the fact that when shipped by manufacturer, the vehicle's paint job was free of defects. It is also acknowledged that the vehicle was subjected to industrial fallout during transit, which incident most probably occurred when the transport passed through Birmingham where steel mills are known to emit fallout in the form of minute steel filings. According to the record such steel filings settle on paint, oxidize within several hours of exposure to moisture and become apparent in the form of tiny rust spots on the surface of an automobile. The contamination may be easily removed by washing with a solution of oxalic acid upon their appearance. If the condition is not thus chemically treated, the rust will destroy the paint and attack the metal surface of an automobile, causing holes in the body thereof.
Appellant's franchise with Manufacturer requires Appellant to inspect each vehicle upon delivery and make note of any defects *188 discovered. Manufacturer assumes the cost of cleansing vehicles affected by industrial fallout during transit, which cost is approximately $10.00 per vehicle. Appellant made no such claim for dealer preparation in this instance. The record does not show whether Appellant inspected the vehicle upon delivery. If an inspection was in fact made, no observable defects were recorded.
Plaintiff complained bitterly and often about the rust spots which became progressively worse. Appellant's service manager maintains the vehicle was washed with acid at some time after acceptance by plaintiff, the precise date of which was not entered on Appellant's records. In any event, the paint condition worsened until the only solution was to have all the old paint removed and a new paint job applied. The trial judge allowed the sum of $950.00 to plaintiff for a new paint job.
The trial judge rejected Appellant's third party demand upon finding that the defect was not one of manufacture, in which determination we concur because the parties agree the condition resulted from industrial fallout. The trial judge also found that Appellant was under a contractual duty to examine the car on arrival, note defects, if any, report the defects to Manufacturer, and obtain authority to cure the defects at Manufacturer's cost. In addition, the trial judge held Appellant was negligent in failing to inspect the vehicle upon arrival so that the condition could have been detected and remedied at nominal cost, and for having let some five months elapse during which time serious damage was done to the paint, thus necessitating a complete new paint job. Appellant argues the trial judge erred in so holding because no defense of negligence was raised in Manufacturer's defense of Appellant's third party demand.
Relying on La.C.C. Article 2531, Appellant correctly contends that as seller, Appellant has a right of action against Manufacturer, in redhibitoion, which right may not be abridged, restricted or diminished by agreement between such parties.
A redhibitory defect which gives rise to avoidance of a sale is a defect which renders the object either absolutely useless, or its use so inconvenient and imperfect that it must be supposed the buyer would not have made the purchase had he known of the vice. La.C.C. Article 2520.
The buyer seeking cancellation of a sale for redhibition must show that the vice existed before the sale to him. If the vice appears within three days immediately following sale, it is presumed to have existed before the sale. La.C.C. Article 2530.
The record establishes conclusively that industrial fallout may be the source of potential redhibitory defect, if not timely detected and treated. It is just as conclusively shown that timely detection and care reduces the defect to one of very minor proportions, curable at nominal cost.
We find that in this instance subject vehicle was affected with only a minor vice at the time of delivery to Appellant because at that point it was neither useless nor its use so imperfect or inconvenient that Appellant would have declined acceptance because of the fallout thereon. It is conceded that had Appellant inspected the vehicle and discovered the fallout, Appellant would have cleaned the vehicle with acid and billed manufacturer for the cost of this curative work.
We agree with the trial court's determination that what amounted to a very minor defect which Appellant could and should have discovered, became a redhibitory vice because of Appellant's dereliction. Finding no redhibitory defect at the time of sale to Appellant, we find no basis for maintaining Appellant's action in redhibition against Manufacturer.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.