410 So.2d 1155 (1981)
Nolan GAMBLE, Plaintiff-Appellee,
v.
BILL LOWREY CHEVROLET, INC., et al., Defendants-Appellants.
No. 8544.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
On Rehearing February 18, 1982.
*1156 William P. Polk, Alexandria, for defendants-appellants.
Watson, Murchison, Crews, Arthur & Corkern, William P. Crews, Jr., Natchitoches, for defendant-appellee-appellant.
Kelly & Salim, Robert L. Salim, Natchitoches, for plaintiff-appellee.
Before FORET, SWIFT and LABORDE, JJ.
SWIFT, Judge.
In this redhibition suit the defendants, Bill Lowrey Chevrolet, Inc. (Lowrey Chevrolet) and General Motors Corporation (General Motors), have appealed from a judgment in favor of the plaintiff, Nolan Gamble. Lowrey Chevrolet's appeal is also directed at the failure to grant its third party demand, based on an indemnification agreement, against General Motors.
On December 12, 1978, Mr. Gamble purchased a new 1979 Chevrolet half ton diesel pick-up truck for $9,104.99 from Lowrey Chevrolet in Natchitoches, Louisiana. The sale of the vehicle included an express warranty of one year or 12,000 miles, whichever came first. In February, 1979, the plaintiff began to experience problems in the engine overheating. At the end of June extensive engine repair, including the replacement of an engine assembly, became necessary. This was done by Lowrey Chevrolet and completed on August 2 at a cost of $1,305.45. The following day transmission fluid lines burst rendering the vehicle immobile. The truck was towed to the plaintiff's yard where it has remained. At the last breakdown the vehicle had travelled approximately 30,900 miles.
At the request of Lowrey Chevrolet General Motors paid $671.00 on the June repair bill. However, the dealer continued to bill the plaintiff for the full amount of the invoice.
On November 27, 1979, the plaintiff filed this rehibitory action alleging that the engine continued to run hot despite two attempts *1157 by Lowrey Chevrolet to correct this condition by changing the thermostat; that the vehicle had a defective oil pump shaft which Bill Lowrey Chevrolet attempted to repair; and its transmission is defective.
In an agreement between the defendants, General Motors agreed to indemnify Lowrey Chevrolet against any judgment for monetary damages resulting from a defect in the manufacture of their products.
The trial court rescinded plaintiff's purchase of the truck and held the seller, Lowrey Chevrolet, and the manufacturer, General Motors, liable in solido for the purchase price of $9,104.99, minus a credit of $3,000.00 for the plaintiff's use of the vehicle, and for $3,000.00 as attorney fees. The plaintiff was also granted judgment against Lowrey Chevrolet for $1,305.45 as the cost of the repair work done in June and July, but no mention was made of Lowrey Chevrolet's third party demand against General Motors.
The principal issues presented by these appeals are: 1) whether the trial court erred in rescinding the sale based on rehibitory defects; 2) whether it erred in failing to apply the express sales warranty limitation provisions; and 3) whether the court erred in failing to give effect to the indemnification agreement between Lowrey Chevrolet and General Motors.
The defendants argue that the plaintiff failed to prove the defects existed at the time of purchase and that the seller was unable to correct them. They contend the evidence clearly showed that the vehicle's transmission could be repaired for $500 and that there was no evidence of any other presently existing defect which would require rescission. We disagree.
In Associates Financial Services Co. v. Ryan, 382 So.2d 215 (La.App. 3 Cir. 1980), this court stated:
"To prevail in an action for redhibition, the purchaser must establish that the thing sold is absolutely useless for its intended purpose or that its use is so inconvenient that it must be supposed that the purchaser would not have made the purchase had he known of the defects. He must also prove that the defects existed at the time of the purchase, but were neither known nor apparent to him, and that seller could not, or would not, correct the defects when given the opportunity to do so. LSA-C.C. Articles 2520, 2521, 2530, 2531; Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1 Cir. 1976).
In an action of redhibition, however, it is not necessary for the purchaser to prove the particular and underlying cause of the defect in a complicated piece of machinery. It is sufficient that the buyer merely show that the vehicle was defective prior to the sale. Guillory v. Morein Motor Company, Inc., 322 So.2d 375 (La.App. 3 Cir. 1975). Proof that the defect existed at the time of the sale can be either direct or circumstantial evidence giving rise to the reasonable inference that the defect existed at the time of sale. Newman v. Dixie Sales & Service, 387 So.2d 1333 (La.App. 1 Cir. 1980).
In the instant case the plaintiff testified he purchased the truck in December, 1978, for extensive travel on his paper route. In February, 1979, he noticed the engine was overheating. Lowrey Chevrolet installed two new thermostats for the cooling system. However, the engine continued to overheat so long as it was used. On April 5 it was necessary to replace a swing bearing. On June 27 the plaintiff had to bring the truck to Lowrey Chevrolet for further engine repair. The truck's pump shaft had rounded off and burned a bearing in the motor. A new engine assembly was installed to correct the problem. The plaintiff got the truck back on August 2. The next day transmission fluid lines burst and the gaskets on the new engine were leaking oil. Plaintiff called Lowrey Chevrolet and reported that his truck had gone out on him. He was told by Mr. Troquille, one of Lowrey Chevrolet's employees, that no work could be done on the truck until he paid the balance of $1305.45 on the previous bill and also the additional repairs. Plaintiff acknowledged that the truck's engine *1158 runs now, but he said the vehicle will not move because of transmission problems.
The plaintiff's case was supported by an experienced mechanic, who testified that he inspected the truck at plaintiff's request after the last breakdown and found that the transmission fluid lines were not even "finger tight." The injectors and valve cover gaskets were leaking motor oil. This witness estimated the cost to repair the transmission at $500.00. Two other witnesses testified on behalf of the plaintiff and said that they were familiar with the truck running hot and occasionally stopping.
Lowrey Chevrolet's service manager testified the Company records did not show any overheating problems until early June, 1979, when the thermostat was replaced and the cooling system flushed. At the end of June there was a major breakdown, requiring replacement of the engine assembly, with General Motors paying for one-half the cost of the block. He had heard about the subsequent transmission trouble, but said that Lowrey Chevrolet had never touched the transmission hoses on the truck. He said the truck could not have been driven over five or ten miles had there been a leak in its transmission when it left their shop.
The sales manager at Lowrey Chevrolet said he knew the plaintiff had complained that the truck was overheating. He also testified he had no personal knowledge of Mr. Troquille, the seller's credit correspondent, telling plaintiff that he would have to pay for the June repair invoice before further work could be done on the transmission. Troquille was unavailable to testify since he no longer resides in Louisiana.
The General Motors area service manager testified he examined the truck at Gamble's premises. When the engine was cranked it ran fine. However, he did not try to move the vehicle, because it had two or three flat tires. Nor did he check the transmission lines. He acknowledged that it would be unusual to have to replace two thermostats in six months.
From this evidence the trial judge concluded that the plaintiff had sustained the required burden of proof as to the elements of the action, stating in his written reasons for judgment:
"The Court finds that the truck did in fact have redhibitory vices and defects from the time that it was purchased and accepts the plaintiff's testimony concerning the installation of thermostats in the cooling system; the Court further accepts the plaintiff's testimony concerning the problems which led to the repair bill of June of 1979 which totalled $1,305.45.
"There has been some evidence and the Court finds that these defects existed at the time plaintiff purchased the vehicle sold by Lowrey but manufactured by GMC."
From our review of the record, we cannot say that the trial judge's findings were clearly wrong. Therefore we must affirm his rescission of the sale. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Lowrey Chevrolet also argues that the express sales warranty, limiting the plaintiff's warranty to 12 months or 12,000 miles, prevented recovery by the plaintiff in this action since the vehicle had slightly over 30,000 miles on its odometer at the final breakdown. Again we must disagree.
It is clear that express warranty provisions in automobile manuals and other documents delivered with the vehicle have no effect upon the statutory warranty of fitness. Media Pro. Consult., Inc. v. Mercedes-Benz of N.A., Inc., 262 La. 80, 262 So.2d 377 (1972). The record does not indicate that the plaintiff renounced the implied warranty of fitness.
Since the plaintiff has not paid any part of the June 27, 1979, invoice of $1305.45 for replacement of the truck's engine, the judgment of the trial court in this respect must be amended. Our decree will simply provide that plaintiff is not indebted to Lowrey Chevrolet in any amount for such repair work and that credit must be given him on the latter's records for any sum that may be shown thereon as being owed for such repairs.
We are convinced the trial court was manifestly in error in concluding that the *1159 seller in this instance was in bad faith and therefore its judgment against Lowrey Chevrolet for an attorney's fee must be reversed. A seller is in good faith if he did not know of the vices of the thing sold. Of course, the manufacturer is presumed to know the vices of the thing he sells and consequently it must pay a successful plaintiff a reasonable fee for his attorney in this type of action. Associates Financial Services Co. v. Ryan, supra.
Although neither defendant has sought return of the truck, plaintiff's counsel has acknowledged in brief that they are entitled thereto in view of the rescission of the sale and we will so decree.
Lowrey Chevrolet also contends that the trial court erred in failing to award judgment in its favor against General Motors on the third party demand. With this we agree.
The indemnification agreement between these two parties states in pertinent part:
"General Motors will assume the defense of Dealer and indemnify Dealer against any judgment for monetary damages, less any offset recovered by Dealer, in any lawsuit naming Dealer as a defendant relating to any Product that has not been altered by or for Dealer when the lawsuit concerns:
"(a) Breach of the General Motors warranty related to the Product, bodily injury or property damage claimed to have been caused solely by a defect in the design, manufacture or assembly of a Product by General Motors (other than a defect which should have been detected by Dealer in a reasonable inspection of the Product);"
Having concluded that the truck contained redhibitory vices and defects prior to the sale and there being no evidence in the record that Lowrey Chevrolet caused same or knew or should have known thereof, the latter is entitled to judgment against General Motors for indemnification of the monetary judgment, less the offset, rendered against it herein.
For the foregoing reasons the judgment of the trial court is recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the sale of the 1979 Chevrolet diesel half ton truck, Vehicle Identification No. CCZ149S137030, on December 12, 1978, by defendant, Bill Lowrey Chevrolet, Inc., to plaintiff, Nolan Gamble, be and is hereby rescinded and set aside.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Nolan Gamble, and against the defendants, Bill Lowrey Chevrolet, Inc. and General Motors Corporation, in solido, in the sum of $9,104.99, less a credit of $3,000.00 for the use of the vehicle by the plaintiff, together with legal interest from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Nolan Gamble, and against the defendant, General Motors Corporation, in the sum of $3,000.00 for attorney's fees.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Nolan Gamble, is not indebted to the defendant, Bill Lowrey Chevrolet, Inc., in any amount for repair work performed on the said truck as shown on the latter's invoice No. 1555, dated June 27, 1979, in the sum of $1305.45; and if any charge for such work exists on the latter's books it is ordered to delete same.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Nolan Gamble, return the said truck to defendants, Bill Lowrey Chevrolet, Inc. and General Motors Corporation, free and clear of encumbrances.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein on the third party demand in favor of third party plaintiff, Bill Lowrey Chevrolet, Inc., and against third party defendant, General Motors Corporation, for all sums which the third party plaintiff is obligated to pay to the plaintiff under this judgment.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the costs *1160 of court, including this appeal, be and they are hereby assessed to General Motors Corporation.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

ON REHEARING
In our original decision we overlooked Lowrey Chevrolet's request for an attorney's fee from General Motors and thus erred. LSA-C.C. Art. 2545; Paul v. Ford Motor Co., 392 So.2d 704 (La.App. 3 Cir. 1980); Davidson v. New Roads Motor Co., Inc., 385 So.2d 319 (La.App. 1 Cir. 1980).
From our review of the record we find that $2500.00 will be a reasonable attorney's fee for such services rendered the seller in this case, including this appeal, and we will add this award to our original decree.
For the foregoing reasons, we amend the decision originally rendered herein so as to add to the judgment in favor of the third party plaintiff, Bill Lowrey Chevrolet, Inc., against the third party defendant, General Motors Corporation, an award of $2500.00 as an attorney's fee for all services rendered in this case. In all other respects our original decision shall remain in effect as rendered.