428 So.2d 1014 (1983)
John R. GUYON
v.
CAMPER VILLAGE, INC., and Holiday Rambler Corporation.
No. 82 CA 0304.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Writ Denied April 5, 1983.
*1015 Robert L. Kleinpeter, Baton Rouge, for plaintiff-appellee John R. Guyon.
Cary J. Guglielmo, Baton Rouge, for third-party defendant-appellee Chrysler Corp.
Robert F. Kennon, Jr., Baton Rouge, for defendant-appellant Holiday Rambler Corp.
David M. Vaughn, and Michael A. Patterson, Baton Rouge, for defendant-appellant Camper Village, Inc.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Holiday Rambler Corporation, the manufacturer, appeals the trial court's decision granting rescission of the sale of a motorhome. In addition, Camper Village, Inc., the dealer, appeals that portion of the judgment which denies it indemnification against Holiday Rambler.
There is no showing of manifest error on the part of the trial court in finding that the facts warrant a rescission of the sale. Due to Camper's negligence in aggravating plaintiff's loss, its claim for indemnity is denied. Accordingly, the judgment of the trial court is affirmed.
On October 7, 1976, Holiday delivered a 1977 World Wide 23 Foot Mini Motorhome to Camper. Upon arrival, a Camper employee checked the unit for damages and item shortages. After noting the shortage of a spare tire, Camper accepted the vehicle. This motorhome remained on Camper's lot for approximately eighteen months prior to plaintiff's purchase. During that period, the unit was unprotected from the elements and subject to Camper's "robbing" practice for the purpose of equipping other vehicles.
Plaintiff purchased the unit from Camper on April 27, 1978. Upon acceptance of delivery of the motorhome, plaintiff and his family took a week-end trip to Robert, Louisiana. During that trip, he experienced vibrations in the tires and extensive water leakage at the rear window and in the cabover bunk area. On several occasions thereafter, the unit was returned to Camper for repairs. Some minor efforts were made to correct the leakage but without success. Finally, in the fall of 1978, the entire cabover area was reconstructed by Camper with the knowledge and consent of Holiday. Subsequently, the unit was tendered to Camper by a letter dated November 30, 1978.
The trial court concluded that the leakage rendered the motorhome useless and its use so inconvenient that plaintiff would not have purchased the vehicle had he known of the defects. Therefore, the trial court granted rescission of the sale. Further, it held that the redhibitory defect resulted from both improper design and manufacture *1016 and lack of reasonable maintenance after delivery to the seller. Accordingly, judgment was rendered against Camper and Holiday. In addition, the trial court determined that Camper was in bad faith since it should have known of the defects. The lower court was of the opinion that these defects could have been discovered by reasonable, periodic inspections. For this reason, Camper was denied indemnification from Holiday.[1]
On appeal, Holiday makes the following contentions:
1. That the trial court erred in allowing recovery against it and in rescinding the sale,
2. That the trial court was correct and should be affirmed on the indemnity issue.
Camper contends that the trial court erred in denying its claim for indemnification.

HOLIDAY'S ASSIGNMENT OF ERROR
Holiday contends that the trial court erred in granting plaintiff a rescission of the sale. It advances three arguments in support of this contention.
First, Holiday asserts that plaintiff could have discovered the defects by simple inspection and, therefore, he is not entitled to rescission. L.S.A.-C.C. art. 2521. The trial court concluded that the severe leaking was a defect that was not apparent unless a prospective buyer entered the motorhome during a rainstorm. This is a finding of fact by the trial court and is not to be disturbed absent a showing a manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), rehearing denied, 374 So.2d 660, 1979.
The record reflects that plaintiff inspected the vehicle on a dry day. Further, there was no evidence of visible damage in the cab that could be attributable solely to water damage. Therefore, this argument is without merit.
Holiday's second argument is that plaintiff is entitled only to a reduction in price, due to the diminished utility of the motorhome. L.S.A.-C.C. art. 2543. In contrast, the trial court concluded that plaintiff proved that the motorhome was rendered useless as a result of the leaking and that its use was so inconvenient that he would not have purchased the vehicle had he known of the defect. Absent a showing of manifest error, the trial court's findings of fact will not be disturbed on appeal. Arceneaux, supra.
The uselessness of the motorhome for the purpose for which it was intended is evidenced by the record. The testimony establishes that plaintiff and his family took four camping trips in the motorhome. On each occasion, it rained. As a result thereof, the vehicle leaked so extensively that the beds were unusable and towels had to be pressed against the window to absorb some of the inflowing rainwater.
In light of these facts, we agree that a rescission of the sale is warranted.
Next, Holiday claims that the plaintiff should have no recovery against the manufacturer where the problem results from the dealer's failure to cure easily remediable defects. This argument deals with the issue of indemnification by the seller from the manufacturer under L.S.A.-C.C. art. 2531, and has no bearing on whether plaintiff is entitled to recovery in redhibition.

CAMPER'S ASSIGNMENTS OF ERROR
Camper's specifications of error all relate to the issue of indemnity and will be considered as one assignment of error.[2]
*1017 The second paragraph of C.C. art. 2531 provides that when the seller is held liable because of redhibitory defects in the thing sold, he shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by him. However, this right to claim indemnity has been tempered somewhat by jurisprudence.
Indemnification has been denied on the basis of the dealer's tardiness in repairing the vehicle and notifying the owner of the progress of the repairs, even though the defects arose at the time of manufacture and were attributable to the manufacturer. Lehn v. Clearview Dodge Sales, Inc., 400 So.2d 317 (La.App. 4th Cir.1981), writ denied, 406 So.2d 608 (La.1981). In addition, the dealer has been denied indemnity when, through his dereliction, a minor defect becomes redhibitory in nature. Daigle v. Robinson Brothers, Inc., 368 So.2d 186 (La.App. 1st Cir.1979). Further, a claim for indemnity has been defeated when the dealer has failed to correct easily remediable defects. Perrin v. Read Imports, Inc., 359 So.2d 738 (La.App. 4th Cir.1978).
Thus, when the dealer's negligence is a substantial factor in aggravating or maintaining the defect, it becomes concurrent fault sufficient to bar recovery under the second paragraph of C.C. art. 2531.
In the present case, the motorhome remained on the dealer's lot for approximately 18 months before plaintiff purchased it. During that time, it was unprotected from the elements and subjected to Camper's "robbing" practice to equip other vehicles. Additionally, in spite of Camper's knowledge that this type of vehicle required periodic re-caulking to prevent leaking, this was never done. As a result, water accumulated in the cavities of the unit and, subsequently, rotted the wood in the cab. This also accounts for the rusty water that dripped on the windshield on plaintiff's first excursion in his motorhome. Further, this explains the extensive water leakage which occurred at that time.
Applying the above test to the particular facts at bar, we agree with the trial court in denying Camper's claim for indemnity against Holiday.
For the foregoing reasons, the judgment of the trial court is affirmed. Camper Village, Inc. and Holiday Rambler Corporation are to share all costs.
AFFIRMED.
NOTES
[1] Chrysler Corporation, the manufacturer of the chassis of the motorhome, was also sued. However, it was dismissed by the trial court on a directed verdict motion. There has been no appeal with respect to this dismissal.
[2] Camper Village contends that the trial court erred in denying it indemnification from Holiday by: (1) holding an ordinary dealer must conduct reasonable, periodic inspections of the product; (2) requiring ordinary dealers to perform reasonable maintenance on defective products; and (3) finding Camper Village to be a bad-faith seller.