428 So.2d 1063 (1983)
Jeana CEFALU
v.
LEON PICKARD CHEVROLET, INC., et al.
No. 82 CA 0404.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Stephen M. Irving, Baton Rouge, for plaintiff-appellee Jeana Cefalu.
Michael V. Clegg and Glenn Dupree, Baton Rouge, for defendant-appellant Leon Pickard Chevrolet, Inc.
Henry D. Salassi, Jr., Baton Rouge, for General Motors Corp.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Third-party plaintiff, Leon Pickard Chevrolet, Inc. (Pickard), appeals the trial court's dismissal of its action for indemnification in redhibition against third-party defendant, General Motors Corporation (GMC).
On April 18,1980, plaintiff, Jeana Cefalu, purchased a 1980 Chevrolet Monte Carlo from Pickard. Two to three days after the purchase date, she experienced difficulty with the vehicle's T-top leaking water into the passenger compartment. The record indicates that on several occasions, the vehicle was returned to Pickard for repair of the leaking T-top. On one particular occasion, it was kept for seven weeks without the repair being effected. There was a conflict in the expert testimony as to whether the leaking T-top could be permanently fixed. As of the date of trial, the defect had not been remedied.
The trial court concluded that the facts warranted a reduction in the price and held Pickard and GMC liable in solido. It also found that GMC was not liable to Pickard on the third-party demand, concluding the warranty work should have been satisfactorily completed by Pickard. The sole issue before us is whether Pickard should be able to recover from GMC any losses sustained by them.
L.S.A.-C.C. 2531 provides in part:
* * * * * *
"In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish, or prevent such recoupment by the seller shall not be given any force or effect."
*1064 Our jurisprudence, replete with cases interpreting the aforementioned article, has recognized several defenses of a manufacturer against a dealer wherein the dealer claims indemnification from the manufacturer. One such defense is that a dealer must be denied indemnification if the manufacturer proves that the defect was easily remediable. Leonard v. Daigle Pontiac-Buick-GMC, Inc., 413 So.2d 577 (La. App. 1st Cir.1982); and Perrin v. Read Imports, Inc., 359 So.2d 738 (La.App. 4th Cir. 1978).
In this instance, there is conflicting expert testimony as to whether the defect was easily remediable. One expert testified that he could repair the leak for approximately $175.00. GMC's zone manager testified that the replacement of all weather stripping and the glass T-top should stop the leak, and would cost approximately $500.00. Contrarily, another expert testified that although the T-top might be repaired temporarily, it would continue to leak due to vibrations or other twisting motions of the car's frame. Based upon the evidence adduced, the trial court concluded although the defect was easily remediable, it had not been corrected.
We may not substitute our own evaluations and inferences for the reasonable evaluations and inferences of the trier of fact, unless those conclusions are clearly erroneous. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980); Esta v. Dover Corp., 385 So.2d 439 (La.App. 1st Cir.1980), writ refused, 392 So.2d 690 (La.1980). Finding no clear error in the trial court's findings of fact, we affirm the trial court's holding that GMC is not liable to Pickard for indemnification.
Costs of this appeal are to be borne by appellant, Leon Pickard Chevrolet, Inc.
AFFIRMED.