445 So.2d 206 (1984)
Norma P. WRIGHT, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., Defendants-Appellees.
No. 83-323.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Kenneth Pitre, Eunice, for plaintiff-appellant.
McBride & Foret, Glynn Rozas, Lafayette, for defendants-appellees.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
Norma P. Wright filed this suit against William F. Bailey and State Farm Mutual Automobile Insurance Company (hereafter State Farm) for damages arising out of a June 7, 1980 automobile collision. State Farm was made a defendant both as Bailey's liability insurer and as plaintiff's uninsured or underinsured motorist carrier. The defendants answered by general denial with pleas of contributory negligence requesting a trial by jury on all issues. After trial on the merits, the jury returned a general verdict, with nine for and three against, in favor of defendants and against plaintiff. On December 10, 1982, the trial judge signed a judgment in accordance with the verdict of the jury. Thereafter, plaintiff timely filed a motion for a judgment *207 notwithstanding the verdict and in the alternative a motion for a new trial pursuant to LSA-C.C.P. Art. 1810.1 which were both denied by the trial judge on December 24, 1982. Plaintiff appeals both from the judgment and from the denial of his motions for judgment notwithstanding the verdict and for a new trial. Defendants neither appeal nor answer the appeal.
Plaintiff raises the following issues on appeal:
(1) Did the jury err in failing to find that the defendant was negligent, which negligence caused the accident and/or in finding that the plaintiff was negligent, which negligence contributed to the accident and did the trial judge err in failing to grant plaintiff's motion for judgment NOV?
(2) Did the trial judge commit reversible error in failing to recharge the jury?
(3) Did the trial judge commit reversible error in failing to grant plaintiff's motion for a new trial?

FACTS
The accident occurred about noon on June 7, 1980, on U.S. Highway 167 in St. Landry Parish, about 11 miles west of Opelousas in open country. The highway at that point is a black-topped, two-lane, straight, level road, which runs east and west and which is not intersected by a public road at any point in that vicinity. The two lanes of traffic are divided by white dashing lines, indicating that passing is permitted in both lanes.
Immediately prior to the time of the accident, the plaintiff, Norma Wright, was operating a Datsun, heading west on U.S. Highway 167 toward Ville Platte, accompanied by her son, Michael Wright. Ahead of her, also traveling west, was a Ford pickup truck, owned and operated by William F. Bailey, the defendant. Mr. Bailey was returning from the drag races in Opelousas, accompanied by a friend, David Guidry, heading toward another friend's house located on the south side of Highway 167. As he approached the private driveway of his friend's house, he attempted to make a left turn. While he was in the process of making that turn, the left rear portion of his truck was struck by the front of the Wright automobile.

DEFENDANT'S NEGLIGENCE AND/OR PLAINTIFF'S CONTRIBUTORY NEGLIGENCE
The rules relating to contributory negligence govern this cause of action. Since the jury was asked to return only a general verdict, the record does not disclose with particularity the findings of the jury in concluding that the defendant was not liable. The plaintiff therefore contends that the jury was clearly wrong in either finding that the defendant was not guilty of negligence which caused the accident and/or in finding that plaintiff was guilty of negligence which contributed to the accident, and that the trial judge similarly erred in failing to grant his motion for a judgment notwithstanding the verdict.
The testimony of plaintiff and her son as to how the accident occurred differs materially from the account of the accident given by defendant and his passenger. They were the only witnesses to the accident available to testify at trial. The report of the investigating officer made a part of the record is of little or no probative value as he was not a witness to the accident.
Plaintiff and her son's testimony is to the effect that she had been following a truck pulling a small shrimp boat, which was swerving, for quite a while and decided to pass. After one oncoming car passed, she checked the left for oncoming traffic and finding it clear, proceeded to pass the vehicle pulling the boat. She was traveling at about 40 to 45 miles per hour and was entirely in the left lane, approximately even with the shrimp boat when her son noticed defendant's turn signal and hollered "watch it". She then slammed on her brakes but was unable to avoid the accident. They contend that the truck pulling the boat was the only vehicle separating plaintiff's vehicle from that of defendant's and that the point of impact was entirely within the left lane of traffic.
*208 The defendant and his passenger, Mr. Guidry, testified to the effect that there was an additional vehicle separating the vehicles of the parties, i.e., an unidentified vehicle between plaintiff's car and the truck pulling the shrimp boat. They testified that defendant was stopped with his left turn signal on, waiting for oncoming traffic to clear before starting his turn. After the oncoming traffic had passed, immediately before commencing the left turn, defendant looked to the rear and observed that the left lane was also clear of passing traffic. They contend that the truck was almost completely into the driveway at the point of impact.
It is axiomatic that a left turn movement is characterized as a dangerous maneuver, not to be undertaken until the motorist ascertains that it can be made in safety. LSA-R.S. 32:104.
"There is no presumption, however, that the driver of a left turning vehicle is guilty of negligence. Both a left turning vehicle and a passing vehicle are charged with an exceptional duty of care. Whether there has been a breach of duty on the part of either must be proved."
Natchitoches Motor Company, Ltd. v. Travelers Insurance Company, 372 So.2d 811 (La.App. 3rd Cir.1979).
In order to reverse, we would have to determine that the record established sole negligence on the part of defendant Bailey by a fair preponderance of the evidence. This we are unable to do. Depending on the jury's resolution of the conflicting evidence, which particularly involves the credibility of the witnesses, the record could reasonably support a conclusion either that defendant was free of negligence or that plaintiff was guilty of some degree of negligence which contributed to the accident.
Even accepting plaintiff's account of the accident, it is clear that Mrs. Wright was not keeping a proper lookout as it was her 14-year-old son who first observed defendant's turn signal. Furthermore, even if the defendant had not come to a complete stop, he clearly had decelerated to a low speed prepatory to making the left turn. This should have put plaintiff on notice that a change of course of a preceding vehicle was indicated and that the safe completion of the passing maneuver was endangered. Finding no clear error in the jury's verdict, we similarly find no error in the trial judge's denial of plaintiff's motion for judgment notwithstanding the verdict.

FAILURE TO RECHARGE THE JURY
After the trial judge charged the jury with instructions including special instructions requested by plaintiff, the jury retired for deliberation. The plaintiff did not object to the instructions. During deliberations, the jury requested that they be sent the statute on left turns, which request was denied by the trial judge. The jury then returned to open court and the foreperson advised the court that they had reached a verdict. After the jury was polled, it was determined that only seven jurors had concurred in the verdict. The jury was advised that a concurrence of nine was required for a verdict.
At this point, counsel for plaintiff requested that the judge recharge the jury on the standard of care of left turning motorists, which request was denied by the trial judge on the basis that the jury did not request that it be recharged.
Plaintiff contends that these circumstances indicate that the jury's factual findings were not made pursuant to a clear understanding of the applicable law and that the charge initially given by the judge must be deemed insufficient, and plaintiff therefore requests that the case be remanded to the trial court for a new trial.
Plaintiff's contention that the jury's factual findings were not made pursuant to a clear understanding of the applicable law is pure speculation. Equally without merit is plaintiff's contention that the trial judge's initial charge must be deemed insufficient.
As aforestated, plaintiff did not object to the initial charges given by the judge. "A party may not assign as error the giving or failure to give an instruction *209 unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection." LSA-C.C.P. Art. 1793. The cases cited by plaintiff are inapposite as they deal with the trial judge's duty to charge the jury pursuant to LSA-C.C.P. Art. 1791, where timely objection was made.

MOTION FOR NEW TRIAL
At the hearing on the motion for new trial, plaintiff asserted that he was entitled to a new trial pursuant to LSA-C.C.P. Art. 1814 due to the improper behavior of the jury. In support thereof he sought to introduce, over defendant's objection, an affidavit from a juror. The affidavit was to the effect that she had switched her vote at the request of the other jurors when the jury remained deadlocked, despite her personal feelings. The trial judge allowed a proffer of the affidavit and denied the motion.
The general rule is that affidavits or other testimony of jurors are inadmissible to impeach their own verdict. Lachney v. Jones, 373 So.2d 595 (La.App. 3rd Cir. 1979); Washington v. Lake City Beverage, Inc., 352 So.2d 717 (La.App. 3rd Cir.1977). Plaintiff, however, contends that the affidavit is introduced to ascertain whether the juror responded truthfully on voir dire and not to impeach the jury verdict, relying on Rains v. Diamond M. Co., 396 So.2d 306 (La.App. 3rd Cir.1981), writ denied, 399 So.2d 623. Both the substance of the affidavit and the fact that voir dire questions and responses are not made a part of the appeal record indicate that this argument is meritless. We find that this case falls under the general rule, that the affidavit was inadmissible and that the motion for new trial was properly denied.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.