462 So.2d 1298 (1985)
Cleo Collins Wheeler, Wife of/and William WHEELER
v.
CLEARVIEW DODGE SALES, Chrysler Corporation, and Chrysler Credit Corporation.
No. 84-CA-216.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1985.
*1300 Edwin A. Stoutz, Jr., New Orleans, for defendant-appellant.
Earl T. Lindsay, Jr., New Orleans, for plaintiff-appellee.
William F. Bologna, Thomas E. Loehn, New Orleans, for defendant-appellee.
Before BOWES, CURRAULT and GAUDIN, JJ.
CURRAULT, Judge.
This appeal arises from a jury verdict in favor of plaintiffs, Mrs. Cleo Wheeler and her husband Mr. William Wheeler, for rescission of a sale of a van purchased from defendant Clearview Dodge Sales, Inc. (Clearview) and which dismissed third-party suits against defendants Chrysler Corporation (Chrysler) and Gladiator, Inc. (Gladiator).
The facts reveal that on January 31, 1980, the plaintiffs purchased a 1979 Dodge B-200 van from defendant, Clearview, for a deferred purchase price of Fifteen Thousand, Eighty-Three Dollars and Sixty Cents ($15,083.60). The van manufactured by Chrysler was bought and customized by defendant, Gladiator, who in turn sold the newly outfitted vehicle to the defendant-dealer, Clearview. Various problems arose with the van, including a transmission problem, shortly after the Wheelers brought the vehicle home which necessitated several trips to the dealership between January and June of 1980. On June 23, 1980, the Wheelers returned the vehicle specifically for repairs to the shifting mechanism and excessive noise in the engine. The van thereafter remained at the dealership. As a result, suit was filed against Clearview and Chrysler on October 10, 1980 for rescission of the sale.
Clearview then filed a third-party action against Chrysler, and both Clearview and Chrysler filed third-party demands against Gladiator.
The case was tried before a jury in July, 1983, resulting in a judgment in plaintiff's favor as to Clearview on August 2, 1983. All claims against Chrysler and Gladiator were dismissed. The jury verdict rescinded the sale and awarded plaintiffs Sixteen Thousand, Nine Hundred Two Dollars and Thirty-Five Cents ($16,902.35) plus judicial interest and costs.
Defendant, Clearview, consequently perfected this appeal alleging as error the following:
that (1) the plaintiffs did not carry their burden of proving redhibitory defects warranting rescission of the sale; that
(2) the amount of the award to the plaintiffs cannot be justified or substantiated as damages either actually suffered or proved by the plaintiffs in their purchase of the vehicle; that
(3) even if redhibition is maintained (or, alternatively, if quanti minoris relief is awarded by this court), third-party judgments against Chrysler (as the basic-vehicle's manufacturer) and/or Gladiator (as the modifier/customizer of the vehicle) must be maintained and awarded; and that
(4) the jurors acted improperly in influencing other jurors to compromise their votes on jury interrogatories in order to be able to go home due to the late hour; in awarding by subterfuge attorney's fees while stating that they were not doing so; and in considering evidence not within the record as a justification for awarding what is actually punitive damages against Clearview Dodge.
On the first issue, appellant argues that the evidence was insufficient to prove a *1301 defect warranting rescission of the sale. The evidence, it is claimed, presented proof of minor problems that were easily repaired and corrected. Appellant alleges that after June 23, 1980 the plaintiffs refused to accept the repaired vehicle because it did not suit their needs and not because of the alleged defects.
Appellees, Mr. and Mrs. Wheeler, argue on the other hand that the jury was presented with evidence showing numerous trips to the dealer for multiple problems which resulted in some repairs, but which failed to correct others. Further, it is argued the jury chose to believe that Clearview failed to notify plaintiff regarding the supposed repair of the van on June 23, 1980, and that Clearview was unresponsive to plaintiff's efforts to discover whether the vehicle was repaired and ready. Appellees state that the jury had to conclude that Clearview either could not or would not correct the defects in the transmission and engine.
LSA-C.C. 2520 provides that:

Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
The plaintiff in a redhibitory action must prove by a preponderance of the evidence that the item sold contained a hidden defect before the sale which was not apparent by ordinary inspection and which rendered the thing unfit for its intended use or so imperfect that the purchaser would have not bought it had he known of the defect. LSA-C.C. art. 2520; LSA-C.C. art. 2521; LSA-C.C. art. 2530; Prat v. Heymann, 410 So.2d 343 (La.App. 4th Cir.1982); Cloud v. Huffman Motor Co., Inc., 416 So.2d 266 (La.App. 3d Cir.1982).
Multiple defects can collectively form the basis of the redhibitory action even though many of the vices are minor or have been repaired. Davidson v. New Roads Motor Co., Inc., 385 So.2d 319 (La. App. 1st Cir.1980); writ den. 391 So.2d 454 (La.1980).
The facts herein show that the van was purchased by the plaintiffs on January 31, 1980, and was brought to the dealership for repairs at least seven to eight times in a five-month period to correct problems with the speed control, sun visor, engine roar, noise from a window, problems with the air conditioning vent, the temperature control, radio rattles, engine running after the key was turned off, alignment of the wheels and problems with the shifting mechanism. Appellant did not refute the evidence of the various problems and appellees' numerous visits to the dealership, but argue that they did all that was required to correct them. Appellant also argues that the transmission problem was brought to their attention once, on June 23, 1980, which was the last time the Wheelers saw the vehicle. They claim the repairs were consequently made to the gears and that the appellees were notified that the van was ready. Their witnesses stated that the roaring noise complained of previously, and again on that date, was a natural function of the design of the vehicle and that the transmission problem was easily fixed. Appellant does not adequately explain why the vehicle was kept for six to eight weeks at one point even though the complaints were supposedly minor.
Appellant seeks to have this court disregard the testimony of the plaintiffs in deference to their experts and repair orders. The plaintiffs testified that on some occasions work orders were not completed for complaints previously made. Mr. Wheeler stated that repairs to the engine were noted on one order, but he wasn't sure why. He and his wife stated that the problem with the transmission began immediately after the purchase and that at one point he instructed his wife not to drive the vehicle until the van could be brought in pursuant to the dealer's appointment policy. However, his wife drove the van in the belief that the problem was due to the newness of the vehicle and because she needed the transportation. Appellees' evidence indicates that Clearview may have been aware of the transmission problem although only one work order written on June 23, 1980 *1302 specifically recorded appellees' complaint in this regard.
From February to June, 1980, most of appellees' complaints were satisfied; however, after returning the vehicle for repairs on June 23, 1980, appellees stated that numerous phone calls to appellant failed to elicit any response as to whether or not the vehicle was repaired or ready. Appellant's witnesses stated the appellees were notified by telephone, but the testimony showed that the alleged phone call was made at a time the dealer personnel knew the appellees were at work. A letter written in August, 1980, by appellees' attorney failed to result in an explanation or offer to return the vehicle. Clearview's attorney responded, but did so in obvious ignorance of the fact that the van was still at the dealership as the letter requested a tender of the vehicle for repair.
The standard of appellate review of facts as stated by the Louisiana Supreme Court in Canter v. Koehring, 283 So.2d 716 (La.1973) is as follows:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error." At page 724.
Manifest error means clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). After reviewing the evidence and the record, we find no manifest error in the jury's findings of fact herein and thus uphold the verdict rescinding the sale.
Appellant secondly complains that the amount awarded by the jury for the rescission of the sale against a good faith seller is excessive under the law of redhibition.
The object of the limitation on recovery in redhibition, it has been held, is to place the parties in the same position they were in before the sale as nearly as possible under the circumstances. Williams v. Daste, 181 So.2d 247 (La.App. 4th Cir.1965), writ den. 248 La. 916, 182 So.2d 664 (La. 1966); Davis v. Bryan Chevrolet, Inc., 148 So.2d 800 (La.App. 4th Cir.1963), cert. den. (La.1963); Smith v. Max Thieme Chevrolet Company, Inc., 315 So.2d 82 (La.App. 2d Cir.1975); Harris v. Bardwell, 373 So.2d 777 (La.App. 2d Cir.1979).
LSA-C.C. Article 2531 provides in this regard:
"The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
"In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect."
Thus, the seller who knew not the vices of the thing sold is liable under Article 2531, while the seller in bad faith (or one who has knowledge of the vices) is liable for damages and attorney fees along with the recoverable items under LSA-C.C. art. 2531. Gamble v. Bill Lowrey Chevrolet, Inc., 410 So.2d 1155 (La.App. 3d Cir. 1982); Cobb v. Coleman Oldsmobile, Inc., 393 So.2d 402 (La.App. 1st Cir.1981), writ den. 397 So.2d 1358 (La.1981).
The jury herein rescinded the sale and awarded a total of Eighteen Thousand, Five Hundred Fifty-Two Dollars and Eighty-Five Cents ($18,552.85) to appellees, but awarded to Clearview a credit of One Thousand, Six Hundred Fifty Dollars and Fifty Cents ($1,650.50) for appellee's use of the vehicle for five months. The award was thereby reduced to Sixteen Thousand, Nine Hundred Two Dollars and Thirty-Five *1303 Cents ($16,902.35). The deferred price of the van was Fifteen Thousand, Eighty-Three Dollars and Sixty Cents ($15,083.60) actually paid by appellees who continued to pay the three-year note on the vehicle although the vehicle was not in their possession for over two and a half years. Other expenses presented by appellees included payments made to a co-worker for transportation during the period from June 23, 1980 to early 1981, at which time another vehicle was purchased by appellees. From that point on, the appellees paid notes on two vehicles, one of which was in the possession of appellant who could not or would not return it to the appellees.
Under LSA-C.C. art. 2531, recovery in redhibition against a good faith seller is strictly limited to the purchase price, reasonable expenses occasioned by the sale and expenses incurred to preserve the thing. The evidence presented herein does not support a finding of bad faith in the sale as to Clearview under the law. The testimony of the witnesses as to the amounts over and above the purchase price fall in the category of damages not recoverable from a good faith seller as they are neither expenses of the sale nor expenses to preserve the thing. Whatever negligence Clearview may have been guilty of subsequent to the sale, appellees are not entitled to recover losses other than those expressly provided for in LSA-C.C. art. 2531. Consequently, as the jury erred in this respect, the award is reduced to Thirteen Thousand, Four Hundred Thirty-Three Dollars and Ten Cents ($13,433.10) reflecting Fifteen Thousand, Eighty-Three Dollars and Eighty Cents ($15,083.80) for the deferred purchase price minus a credit for appellees' use of the vehicle for five months in the amount of One Thousand, Six Hundred Fifty Dollars and Fifty Cents ($1,650.50).
Appellant's third issue relates to the seller's right to recover from the manufacturer any losses sustained as a result of the seller's liability. LSA-C.C. art. 2531.
Appellant is correct that normally the seller is entitled to recover his losses from the manufacturer.
LSA-C.C. art. 2531, paragraph 2 states:
"In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect."
There are, however, exceptions to this rule of law which apply in this case.
Indemnification has been denied the seller where the loss is caused by his own fault. Perrin v. Read Imports, Inc., 359 So.2d 738 (La.App. 4th Cir.1978). Failure to remedy easily repairable defects, the seller's dilatory actions or tardiness in repairing the vices, or where the seller's negligence is a substantial factor in aggravating or maintaining the defaults have been held to constitute fault such as to bar the seller's recovery from the manufacturer. Fernandez v. Clearview Dodge Sales, Inc., 437 So.2d 1188 (La. 5th Cir.1983); Cefalu v. Leon Pickard Chevrolet, Inc., 428 So.2d 1063 (La.App. 1st Cir.1983); Guyon v. Camper Village, Inc., 428 So.2d 1014 (La. App. 1st Cir.1983), writ den. 431 So.2d 1 (La.1983); McManus v. Galaxy Carpet Mills, Inc., 433 So.2d 854 (La.App. 3d Cir. 1983); Lehn v. Clearview Dodge Sales, Inc., 400 So.2d 317 (La.App. 4th Cir.1981), writ den. 406 So.2d 608 (La.1981); Perrin v. Read Imports, Inc., supra.
In this case, the evidence shows that the seller was dilatory and tardy in repairing the various defects they argue were easily repairable. Some of the problems were in fact corrected; however whether the van's transmission problem was corrected as alleged by the appellant's witnesses is suspect as the van was neither returned nor was an offer made to return *1304 the supposedly repaired vehicle to appellees.
Consequently, we find that the jury did not err in failing to grant indemnity to appellant, as the losses sustained herein by appellant were caused by its own fault in failing to repair the vehicle in a reasonable time and manner.
In appellant's final specification of error, it is alleged inter alia that the jury conducted itself improperly in that some of the members were coerced into returning the verdict. The complaints as to the award as punitive and containing hidden attorney's fees is disposed of by our previous findings.
It is well established that the appellate court is required to review the factual findings under the correct and appropriate legal principles and to render any judgment which is just, legal and proper. LSA-C. C.P. art. 2164.
When the jury is bribed or has behaved improperly so that impartial justice has not been done, a new trial is warranted upon contradictory motion of any party. LSA-C.C.P. art. 1972 (formerly contained in LSA-C.C.P. 1814). However the reviewing court will not interfere with the jury's deliberations where it can be safely assumed that impartial justice was achieved. Thibeaux v. State Farm Mutual Automobile Insurance Company, 285 So.2d 363 (La.App. 3d Cir.1973), writ den. 287 So.2d 191 (La.1974). Further, it is well established in the jurisprudence that jurors are not permitted to impeach their verdict regardless of whether the misconduct occurred inside or outside the jury room. Lachney v. Jones, 373 So.2d 595 (La.App. 3d Cir.1979), writ den. 376 So.2d 959 (La. 1979). Ryals v. Home Insurance Company, 410 So.2d 827 (La.App. 3d Cir.1982), writ den. 414 So.2d 375 (La.1982); Leblanc v. K-Mart Apparel Fashions Corp., 399 So.2d 753 (La.App. 3d Cir.1981); Wright v. State Farm Mutual Automobile Insurance Co., 445 So.2d 206 (La.App. 3d Cir. 1984). The proposition has been applied assuming arguendo the misconduct occurred. Blandino v. Brown Erection Company, Inc., 341 So.2d 577 (La.App. 2d Cir.1977).
Keeping these principles in mind, we thoroughly reviewed the evidence herein and find that impartial justice was achieved, even assuming arguendo that some members of the jury were pressured into rendering the verdict. Thus, appellant's motion was not improperly denied.
Therefore, for the foregoing reasons and after a review of the law and evidence, the judgment of the trial court is hereby reduced and amended to reflect an award of Thirteen Thousand, Four Hundred Thirty-Three Dollars and Ten Cents ($13,433.10) in favor of plaintiffs, Cleo Collins Wheeler, wife of/and William Wheeler, and against defendant, Clearview Dodge Sales, Inc. In all other respects, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be assessed against appellant, Clearview Dodge Sales, Inc.
AMENDED AND AFFIRMED AS AMENDED.