390 So.2d 233 (1980)
Alvin DEBLIEUX and his wife, Plaintiff-Appellee,
v.
ARKLA INDUSTRIES, INC. et al., Defendant-Appellant.
No. 7838.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
Rehearing Denied December 1, 1980.
Writ Refused January 26, 1981.
*234 Walter O. Hunter, Jr. of Mayer, Smith & Roberts, Shreveport, for defendant-appellant.
Watson, Murchison, Crews, Arthur & Corkern, William P. Crews, Jr., Natchitoches, for plaintiff-appellee.
Harrington & Harrington, Eric R. Harrington, Natchitoches, for defendant-appellee.
Before GUIDRY, SWIFT and DOUCET, JJ.
DOUCET, Judge.
Mr. and Mrs. Alvin DeBlieux brought this redhibitory action, seeking the rescission of a sale of a central air conditioning system, plus damages and attorney's fees. They named as defendants Arkla Industries, Inc. (Arkla), the manufacturer, and Natchitoches Electric, Inc. (Natchitoches Electric), the contractor that installed the system. Natchitoches Electric filed a third party demand against Arkla, seeking indemnification for any judgment rendered against it, plus attorney's fees.
*235 Following a trial, judgment was rendered in favor of the plaintiffs and against Arkla in the sum of $12,197.46 (representing the return of the purchase price, repair costs, and damages for inconvenience and personal suffering from heat, etc.), plus $3,000.00 as an attorney's fee. Plaintiffs' demands against Natchitoches Electric were dismissed. Judgment was also rendered in favor of Natchitoches Electric and against Arkla in the sum of $3,000.00 as an attorney's fee.
Arkla appealed, and the plaintiffs and Natchitoches Electric answered, asking for additional attorney's fees for services rendered on appeal.
The issues raised by Arkla on appeal concern whether or not the trial judge erred in (1) finding that the air conditioning system contained redhibitory defects for which Arkla is liable, (2) allowing damages for personal suffering, inconvenience, etc., (3) including the costs of normal maintenance in the award of repair costs, (4) not allowing Arkla a credit for plaintiffs' use of the system, (5) awarding Natchitoches Electric attorney's fees, and (6) awarding legal interest from the date of judicial demand on the awards of attorney's fees.

ARKLA'S LIABILITY FOR REDHIBITORY DEFECTS
The findings of fact upon which the trial judge based his conclusions that the system was defective, and that Arkla was liable were summarized in his written reasons for judgment as follows:
"In April 1973, plaintiffs contracted with Natchitoches Electric for the purchase and installation of central heating and air conditioning for their home which was being renovated in the city of Natchitoches.
"The home is a three story, wood frame building with numerous bedrooms and bathrooms to house plaintiffs and their eight children. Natchitoches Electric purchased the chilling units with three (3) coils and fans from Arkla. The units were: two (2) five ton; and one (1) three ton.
"The units were installed in August, 1973, by the contractor according to a hand made schematic drawing prepared by the manufacturer. The contractor had never installed units in the manner suggested and George Morgan, one of the owners of the contracting company, asked for and received the schematic drawing from Arkla which was used in installing the air conditioning equipment.
"Also Mr. Terry Hughes, a service and installation employee of Arkla, was present at installation and startup of the air conditioning units. He inspected and approved, or, at least agreed to the manner in which the units were installed.
"Sixteen (16) days after the installation Mr. Hughes was called to the plaintiffs' home on a trouble call and found a fan belt broken and one unit overheated. Essentially from that time on, the plaintiffs' had extreme difficulty, trouble and problems with the units and finally filed suit after suffering years of futility.
"After studying the evidence and listening to the witnesses, the Court finds that Arkla supervised and directed the installation of the units by the contractor and that the following is a partial, but fatal, list of defects in the Arkla units:
1. The balance line between the units were (sic) too small.
2. The balance line was not located at the correct position.
3. Improper staging.
4. Aquastat requirements set forth in the service manual of Arkla was (sic) not complied with.
"The Court finds no abuse of the equipment by the plaintiffs. Although, defendants forcefully argue that clogged up filters and broken fan belts indicate fault and negligence on the part of the plaintiffs, the Court finds that these items are not pertinent because of the major faults and improprieties in the original installation by Arkla."
Arkla vigorously disputes some of those findings of fact, particularly those with respect to its involvement in the startup operation. *236 However, our review of the record has not revealed manifest error. Accordingly, those findings are affirmed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In view of those facts, we believe that the trial court correctly held Arkla liable for the redhibitory defects in the system.

DAMAGES FOR INCONVENIENCE, ETC.
LSA-C.C. Art. 1934 governs the issue of what damages are recoverable in this case. Our Supreme Court specifically dealt with the issue of the recovery of damages for inconvenience, mental anguish, etc. in a contract case in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976). After reviewing the origin of LSA-C.C. Art. 1934(3) and several contract cases in which these damages had been allowed, the Court announced the following principle:
"Thus, we would interpret Article 1934(3) as follows: Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable."
In this case, we believe that the principal object of the contract was physical gratification. Undoubtedly, intellectual enjoyment is a by-product of having a comfortable home in which to raise a family and entertain. However, we do not believe that intellectual enjoyment was a principal object of the contract. We therefore find, in light of the principle set out above, that the learned trial judge erred in allowing nonpecuniary damages, and we will amend the judgment to delete them.

COSTS OF MAINTENANCE
During the time that the plaintiffs maintained the air conditioning system in their home, numerous service calls were made by Natchitoches Electric and another repairman, who was authorized to service Arkla units. The purpose of these calls was to try to make the system cool properly. Various things were tried, including replacing failed parts, purging the system, cleaning the units, replacing filters, etc. Arkla contends that it should only be liable for the costs of curing the defects and not for what it classifies as normal maintenance. We disagree.
Some of the work that was done, such as purging the system and replacing filters, might also have been required if the system had been free of defects. However, according to Arkla's own witnesses, the failure to perform these acts would have resulted in damage to the system. In view of that fact, we believe that the cost of these services must be considered expenses incurred for the preservation of the thing, within the meaning of LSA-C.C. 2531. Under that article, such expenses are recoverable. We therefore, find no error in the trial court's award.

CREDIT FOR USE
The principles applicable to the issue of whether or not Arkla is entitled to a credit for the plaintiffs' use of the air conditioning system were summarized by our Supreme Court in Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978), wherein the Court stated:
"A credit for a purchaser's use of a product may be proper in certain instances, even in favor of a bad faith seller. In the absence of specific provisions punitive damages are not obtainable in Louisiana; the object of the provisions governing redhibitory vices is to restore the purchaser, as much as possible, to the condition he enjoyed prior to the sale. Compensation for the buyer's use, however, ought not to be granted automatically by the courts; even the value of an extensive use may be overridden by great inconveniences incurred because of the defective nature of the thing and constant interruptions in service caused by the seller's attempts to repair."
It is clear from the above that the granting of a credit for the buyer's use is discretionary with the trial judge. John Deere Industrial Equipment Company v. Willett Timber Company, Inc., 380 So.2d *237 182 (La.App.3rd Cir. 1980); writ denied, 381 So.2d 1234 (La.1980). Arkla argues that the trial judge abused that discretion by not allowing a credit in this case. We disagree.
The testimony of the plaintiffs and their witnesses shows clearly that they were greatly inconvenienced by the poor performance of the air conditioning system. Although it provided cooling some of the time, the breakdowns were very frequent. On numerous occasions, their children had to be placed with various friends and relatives, because the heat in their home made it impossible for them to sleep comfortably. In addition to this disruption of their family life, the unreliable nature of the system made entertaining difficult. Under these circumstances, we cannot say that the trial judge erred in concluding that the value of the plaintiffs' use of the system was overridden by the inconvenience that they suffered.

NATCHITOCHES ELECTRIC'S ATTORNEY'S FEE
Arkla acknowledges the fact that if it is held liable for the defects in the system and Natchitoches Electric is not, then the award of attorney's fees to Natchitoches Electric was correct. Laughlin v. Fiat Distributors, Inc., 368 So.2d 742 (La.App.3rd Cir. 1979); see also, John Deere Industrial Equipment Company v. Willett Timber Company, Inc., supra.
The trial judge found that Natchitoches Electric bore no responsibility for the defects in the system, and we find no error in that conclusion. Since we have found that Arkla is liable for the defects, we conclude that the award of attorney's fees to Natchitoches Electric was proper.

INTEREST ON ATTORNEY'S FEES
The judgment rendered by the trial court states that interest shall run on the awards of attorney's fees from the date of judicial demand until paid. Arkla correctly argues that interest on an award of attorney's fees is allowable only from the date of the judgment, since they are not ascertainable prior to that time. Alexander v. Burroughs Corporation, supra; Brummerloh v. Firemen's Insurance Company of Newark, New Jersey, 377 So.2d 1301 (La.App.3rd Cir. 1979). We will amend the judgment to comply with that rule.
The only remaining matters to be disposed of are the requests for additional attorney's fees. The plaintiffs and Natchitoches Electric were both successful at the trial level, and each has incurred additional expenses, which otherwise would not have been incurred, in order to protect their rights on appeal. They are therefore entitled to increases in the amounts of their awards. Conlay v. Houston General Insurance Company, 370 So.2d 196 (La.App.3rd Cir. 1979). In view of the nature of this case and the time and skill required, we believe that increases of $500.00 are sufficient.
For the above and foregoing reasons, the judgment of the district court is amended and its decree is recast as follows:
"IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of plaintiffs, ALVIN DeBLIEUX and his wife, MARTHA DeBLIEUX, and against ARKLA INDUSTRIES, INC., for the sum of Seven Thousand, One Hundred Ninety-Seven and 46/100 ($7,197.46) Dollars, together with legal interest thereon from date of judicial demand until paid.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of ALVIN DeBLIEUX and his wife, MARTHA DeBLIEUX, and against ARKLA INDUSTRIES, INC., for attorneys fees, in addition to the above, for the sum of Three Thousand, Five Hundred and no/100 ($3,500.00) Dollars, together with legal interest thereon from January 9, 1980 until paid.
"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all demands of plaintiffs, ALVIN DeBLIEUX and his wife, MARTHA DeBLIEUX, against NATCHITOCHES ELECTRIC INC., be and they are hereby rejected.

*238 "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of NATCHITOCHES ELECTRIC INC., and against ARKLA INDUSTRIES, INC., for attorneys fees in the sum of Three Thousand, Five Hundred and No/100 ($3,500.00) Dollars, together with legal interest thereon from January 9, 1980 until paid."
AMENDED AND AFFIRMED.