433 So.2d 854 (1983)
Nelson L. McMANUS, Plaintiff-Appellee,
v.
GALAXY CARPET MILLS, INC., Defendant-Appellant,
Acadian Carpet, Inc., d/b/a Acadian Carpets of Lafayette, Defendant-Appellee.
No. 82-824.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1983.
*855 Hannah, Cook & Kaufman, David S. Cook, McBride & Foret, Robert R. McBride, Lafayette, for defendant-appellant.
Anthony Fazzio, Lafayette, for plaintiff-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
STOKER, Judge.
This is a suit for redhibition, damages and attorney's fees brought by the buyer of seventy-eight yards of carpet, Nelson L. McManus, against the seller, Acadian Carpets, Inc. (Acadian), and the manufacturer, Galaxy Carpet Mills, Inc. (Galaxy). Galaxy and Acadian filed third party demands against each other for indemnification.
The trial judge rendered judgment in favor of plaintiff against both defendants and in favor of Acadian as third party plaintiff against Galaxy. Galaxy's third party demand against Acadian was dismissed with prejudice. In his written reasons for judgment the trial judge itemized the awards as follows:

"(1) Awards to plaintiff against both defendants, in solido:
 Cost of the carpet $ 772.20
 Installation charges $2,000.00
 Expense Incurred $3,000.00
 ---------
 TOTAL -------------------------------- $5,772.20
(2) Awards to plaintiff against defendant,
 GALAXY CARPET MILLS, INC. (in addition to the above)
 Damages $ 500.00
 Attorney's fees $1,568.05
 ---------
 TOTAL --------------------------------- $2,068.05
(3) Awards to Third-Party Plaintiff, ACADIANA CARPET,
 against defendant, GALAXY CARPET MILLS, INC.
 (indemnification for such in solido liability as above
 set forth, to-wit)
 Cost of the carpet $ 772.20
 Installation Charges $2,000.00

*856
 Expenses Incurred $3,000.00
 _________
 Sub-Total -------------- $5,772.20
 Third Party Plaintiff's attorney fees $ 787.50
 __________
 Grand Total -------------------------- $6,559.70"

with legal interest on all awards to run from date of judicial demand until paid.
Galaxy timely perfected a suspensive appeal. The issues raised by Galaxy on appeal concern whether or not the trial judge erred in (1) awarding damages to the plaintiff for inconvenience, humiliation, etc. and other damages unsupported by the record; (2) awarding damages to Acadian against Galaxy for indemnity and attorney's fees; and (3) awarding legal interest from date of judicial demand on the awards of attorney's fees. On appeal Galaxy does not question the dismissal of its third party demand against Acadian.
The plaintiff McManus answered the appeal of Galaxy requesting (1) an increase in the amount of damages awarded for inconvenience and humiliation, etc., (2) an increase in the amount awarded for attorney's fees at the trial level and (3) for additional attorney's fees for services rendered on appeal.
Acadian also answered the appeal of Galaxy requesting (1) an increase in the amount awarded for attorney's fees at the trial level (pursuant to its third party demand against Galaxy) and (2) for additional attorney's fees for services rendered on appeal.
At the outset, we note that Acadian did not perfect an appeal from the judgment rendered against it in favor of the plaintiff. Acadian merely answered the appeal filed by Galaxy. Article 2133 of the Louisiana Code of Civil Procedure provides as follows:
"Art. 2133. Answer of appellee; when necessary
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action.
Amended by Acts 1968, No. 129, § 1; Acts 1970, No. 474, § 1."
The Supreme Court in Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976) interpreted this provision as follows:
"The article does provide that by answering an appeal, an appellee, without filing an appeal on his own behalf, may seek relief from any portion of the judgment rendered against him in favor of the appellant. It does not, however, give to an answer the effect of an appeal with respect to any portion of the judgment rendered against him in favor of a party not an appellant. See Shaw v. Travelers Insurance Co., 293 So.2d 568 (La.App. 3rd Cir.), writ denied, 295 So.2d 815 (La.1974); Advertiser, Division of the Independent Inc. v. Tubbs, 208 So.2d 340 (La.App. 3rd Cir.1968)."
The answer filed by Acadian to the appeal of Galaxy does not constitute an appeal of the judgment rendered against Acadian in favor of the plaintiff. Acadian and plaintiff do not stand in an appellant-appellee relationship. Therefore, judgment of the trial court in favor of plaintiff and against Acadian is final.

FACTS
In or about March of 1979, Nelson McManus purchased carpeting from Acadian for his new home. The carpeting was installed by Acadian for a price agreed upon which is *857 not reflected by the record. Shortly after installation of the carpet, Mr. McManus and his wife noticed drastic fading and spotting throughout the carpet and called Acadian. After inspecting the carpet, a representative of Acadian referred Mr. McManus to Galaxy, the manufacturer. Mr. McManus negotiated with Acadian and Galaxy for several months. Although admitting a manufacturing defect, Galaxy refused to deal directly with the plaintiff or through any dealer other than Acadian in replacing the carpet and refused to pay installation costs. Its final offer was made in writing on December 3, 1979, and provided in part as follows:
"As you know, we previously discussed the situation involving the current pending legal action taken by Galaxy against Acadian and that this problem made it very difficult for us to settle the complaint on a direct basis between the manufacturer and the consumer. However, we fully recognize the fact that the claim that you have made agianst (sic) our carpet is legitimate and on that basis, we are agreeing to replace your merchandise supplying you with 78 square yards of Touch of VelvetPearl Gray. As previously stated however, we will be unable to participate in any labor expense on having the carpet reinstalled at your residence.
"It is our recommendation that you still proceed and handle this matter on a direct basis through Acadian. We will process an order for the replacement material and have it shipped direct to Acadian to be reinstalled at your convenience. Upon removing the merchandise which is now in your home, we are asking that you assist us in having these goods wrapped and returned directly to our mill, to my personal attention."
Acadian, on the other hand, refused to replace the carpet with Galaxy carpet unless Galaxy would pay for the installation, although they did offer to install another brand of carpet free of cost of installation. These alternatives were unacceptable to the plaintiff and on February 25, 1980 he filed this suit.

SUMMARY OF DAMAGES AWARDED
Galaxy contends that the trial judge erred in making awards for installation charges in the sum of $2,000, expenses incurred in the sum of $3,000, and damages in the sum of $500. Except for the latter sum, the trial court's award tracks the demands set forth in plaintiff's petition. In its answer to Galaxy's appeal plaintiff prays for an increase in damages in the following language which specifically includes general damages:
"1. The Judgment appealed from be modified to increase the damages which include the cost of carpet, installation charges, expenses incurred, general damages from $6,272.20 to $10,000.00;"

AWARD FOR NONPECUNIARY DAMAGES
In his written reasons for judgment the trial judge gives no explanation for the various elements of damages awarded. In plaintiff's petition, the $3,000 is listed as expenses incurred due to inconvenience, etc. In his written reasons, the trial judge simply lists this item as "expenses incurred." The $500 awarded as damages by the trial judge is not even set out as an item of damages in the plaintiff's petition. Other than the installation charges, which is treated as a separate item, the record is devoid of evidence of pecuniary loss or privation of pecuniary gain. In brief, counsel for plaintiff refers to these awards of $3,000 and $500 as general or consequential damages. In support of such awards he stated as follows:
"These acts by Galaxy in avoiding its legal duty caused the McManuses immeasurable inconvenience and embarrassment and the record abounds with examples of their distress...."
We can only conclude that both of these items were awarded for inconvenience, embarrassment and mental anguish. In this regard we note that Mrs. McManus is not a party plaintiff in this action.
*858 The bad faith seller is answerable to the buyer for the restitution of the price, for repayment of expenses (including attorney's fees) and for damages. LSA-C.C. art. 2545. Damages are the amount of the loss of the creditor or of the gain of which he has been deprived. LSA-C.C. art. 1934(3).
Neither Acadian nor Galaxy raise any issue as to plaintiff's right to recover nonpecuniary damages. In fact as we have noted, Acadian did not appeal the judgment against it granted in favor of plaintiff. Galaxy complains only that there is no evidence to support the awards. Acadian adopts Galaxy's position, but in its brief the thrust of the complaint is that the amount of the damage award, or awards, are excessive.
This case is a claim for damages for breach of contract. Although not raised by the parties or the lower court, the facts do present a substantial issue as to the right to recover nonpecuniary damages. The majority in this matter resolves that issue in favor of plaintiff McManus on the basis of the analysis and exposition of law set forth in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976) and various cases which have construed it. DeBlieux v. Arkla Industries, Inc., 390 So.2d 233 (La.App. 3rd Cir.1980), writ refused, 396 So.2d 901 (La. 1981); Stratton-Baldwin Co., Inc. v. Brown, 343 So.2d 292 (La.App. 1st Cir.1977); Ostrowe v. Darensbourg, 377 So.2d 1201 (La. 1979).
In the Meador case the Supreme Court held that "where a principal or exclusive object of a contract is intellectual enjoyment, nonpecuniary damages resulting from the nonfulfillment of that intellectual object are recoverable." (Emphasis added in part.) It also stated that "we do not hold that the object of a contract must be exclusively intellectual enjoyment in order to trigger Article 1934(3) nonpecuniary damages." The Supreme Court stressed that the object need only be a principal object of the contract. In Meador nonpecuniary damages were denied for plaintiff's loss of her vehicle because of the five-month delay in repair although the court found a breach of contract to repair within a reasonable time. The Supreme Court based its denial on the following analysis appearing on page 437:
"Applying these principles to the case at hand, we conclude that plaintiff is not entitled to recover damages for aggravation, distress, and inconvenience caused by the five month loss of use of her automobile, because the procuring of intellectual enjoyment, while perhaps an incidental or inferred contemplation of the contracting parties, was not a principal object of the contract to have the car repaired. The principal object of the contract, the overriding concern of plaintiff, evident to defendant at the time the contract was entered into, was the repair of plaintiff's automobile with its consequent utility or physical gratification."
The Supreme Court's analysis in Meador rests on its conclusion that the sole object of the contract was physical gratification and no intellectual gratification was involved. The same distinction forms the basis for denial of damages for loss of intellectual enjoyment in the other cases cited. The distinction in all of these cases lies in the characterization of the nature of the loss as physical rather than intellectual gratification. Denial of damages for loss of intellectual gratification in each of these cases is grounded on holdings that any intellectual gratification was merely incidental to the loss of physical gratification or was a by-product of such loss.
The facts in this case before us present a clear distinction from those in Meador and the other cited cases. However, our conclusions are entirely consistent with Meador and rest on it for authority. We find that intellectual enjoyment was a principal object of the contract for furnishing and installing of carpet. In Meador the vehicle owner was deprived of both the utility of the use of her vehicle and the pleasure of its use, but the latter was held to be merely incidental to the loss of the "physical gratification" of loss of use. Here there is no loss in utility.
*859 The pertinent portion of Article 1934 of the Civil Code, paragraph 3, which bears on this case reads:
"3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether * * on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule. * * *"
The carpet defect involved in this case was confined to a spotting resulting from a fault in the dye used to color the carpet. The utility and serviceability of the carpet was not affected. The carpet color had been selected especially by Mrs. McManus and she built the color scheme in the McManus home around the gray color of the carpet, known as "Touch of Velvet, Pearl Gray." The defect manifested itself through the development of green spots because of failure of the dye. Therefore, the defect in the carpet affected only the aesthetic sense of Mr. and Mrs. McManus and diminished their pride in their home. It caused them inconvenience, embarrassment and humiliation.
Mrs. McManus is involved in interior decoration as a business and she expected her home to reflect her taste in that field. Instead of being able to show her home in an attractive and pleasing state, the carpet gave it just the opposite appearance. Although Mrs. McManus was not a party to this suit, we conclude that Mr. McManus was affected by these considerations as well as his wife. His testimony supports this conclusion.
Inasmuch as the use of the carpet as a floor covering was not affected, the defect caused plaintiff a loss only in intellectual enjoyment as that term is used in LSA-C.C. art. 1934(3), and particularly with reference to taste.
In this connection it should be noted that the refusal of Acadian and Galaxy to come to any accommodation with respect to the admitted right of McManus to be redressed ran for a period of three and one-half to four years. In addition, the McManuses have been forced to live with a large hole in the carpet in the master bedroom taken by the defendants for the purposes of examination and analysis.
We conclude that plaintiff has convincingly proved damages in the form of loss of intellectual pleasure in the form of frustration of his expectations of having a pleasing floor covering, specially selected so that the interior decoration and design of the McManus home could be built around it. We further find that the intellectual enjoyment lost was a principal object of the contract. This loss has caused him humiliation, embarrassment, inconvenience and mental anguish. Under LSA-C.C. art. 1934(3) we affirm the trial court's award for general damages totaling $3,500. (Any question of the liability of Acadian to plaintiff for such damages is pretermitted as Acadian did not appeal the plaintiff's judgment against it.)

AWARD FOR INSTALLATION CHARGES
Mr. Edenfield, an employee of Acadian, estimated the present installation cost of replacing the defective carpet at $1,500 to $1,800. This was the only testimony elicited on this issue and is uncontradicted. Contrary to the contention of Galaxy, we think the uncontradicted general estimate by an adverse witness reasonably established this claim. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971). We nonetheless agree that there is no evidence to support the trial court's award of $2,000 for this item of damage. Accordingly, we will reduce this award to $1,800.

*860 ACADIAN'S INDEMNITY AGAINST GALAXY
Galaxy contends that the trial judge erred in granting Acadian indemnity against Galaxy, despite Acadian's good faith at the time of the sale, because of Acadian's alleged arbitrary refusal to repair, remedy or correct the vices. La.Civil Code art. 2531 reads as follows:
"Art. 2531. The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect.
Amended by Acts 1974, No. 673, § 1."
The second paragraph of Article 2531 granted the seller a right of action in indemnity against the manufacturer. This right, however, has been tempered somewhat by jurisprudence from the Courts of Appeal for the First and Fourth Circuits. In support of its position, Galaxy cites three cases: Bagwell v. Coleman Oldsmobile, Inc., 391 So.2d 1260 (La.App. 1st Cir.1980); Perrin v. Read Imports, Inc., 359 So.2d 738 (La.App. 4th Cir.1978); and Evangeline, Etc. v. Coleman Oldsmobile, Inc., 402 So.2d 208 (La.App. 1st Cir.1981).
In Bagwell, the dealer was denied indemnification from the manufacturer because the dealer was found to be in bad faith by refusing to repair or contact the manufacturer who stood ready to repair. In the other two cases, Perrin and Evangeline, the dealers were allowed indemnification from the manufacturer. In Evangeline, the seller was in bad faith at the time of the sale but it was shown that the defects were not created by the seller's failure to repair but were caused by the manufacturer. In Perrin, the seller was in good faith at the time of the sale and the majority of the defects were caused by the manufacturer and the manufacturer failed to show that these items were so readily repairable that it was the dealer's own fault that redhibition resulted. To the same effect, see Peterson v. Coleman Oldsmobile, Inc., 393 So.2d 372 (La.App. 1st Cir.1980), where indemnity was granted.
In addition to the cases cited by the parties, three recent cases from the First and Fourth Circuits have also addressed this issue and have denied the dealer indemnity against the manufacturer. Lehn v. Clearview Dodge Sales, Inc., 400 So.2d 317 (La. App. 4th Cir.1981), writ denied, 406 So.2d 608 (La.1981); Dearing v. Coleman Oldsmobile, Inc., 423 So.2d 19 (La.App. 1st Cir. 1982); Griffin v. Coleman Oldsmobile, Inc., 424 So.2d 1116 (La.App. 1st Cir.1982). In Lehn, the dealer was in good faith at the time of the sale, and even though the defects were attributable to the manufacturer, the dealer's failure to timely repair or to notify the buyer of the progress before rescission was demanded contributed to the buyer's ultimate determination to demand redhibition. The Fourth Circuit's underlying rationale for denying indemnity in these cases, as stated in Perrin v. Read Imports, Inc., supra, and reiterated in Lehn, is as follows:
"It is common knowledge that, for whatever reason, new car buyers sometime experience considerable difficulty in getting minor complaints remedied by the dealer. The resulting determination by the buyer to demand redhibition might be the dealer's fault rather than the manufacturer's. If the dealer's failure to cure easily remediable defectsas he is presumably obliged towards the manufacturer *861 to dois the basis of a redhibition, it would be unjust to make the manufacturer accept return of the now-used car and pay to the dealer not merely the wholesale price it received but, much worse, the retail price of the car, including the dealer's profit, plus attorney's fees. The dealer ought not to recover loss caused by his own fault, at the expense of the manufacturer."
Dearing, supra, and Griffin, supra, are to the same effect.
In the present case, the trial judge found, and Galaxy concedes, that Acadian was in good faith at the time of the sale. Galaxy was apprised of the defect shortly after it became apparent and admitted in December of 1979 that the carpet was defective in its manufacture. No one alleges any defect in the installation of the carpet or that the carpet could have been repaired. The only possible way to remedy the defect was to replace the carpet entirely. Mr. McManus' determination to demand redhibition was not due to any fault on the part of the retailer. To the contrary, McManus' determination to seek redhibition appears to have been prompted in great measure, by Galaxy's adamant refusal to pay installation costs. We find no reason for denying Acadian the right of indemnity against the manufacturer granted by LSA-C.C. art. 2531. However, because of the failure of Acadian to appeal the judgment rendered against it in favor of plaintiff, we are faced with the novel question of the extent of indemnity to which Acadian is entitled against Galaxy. Although we reduce the amount of the award to plaintiff for carpet installation from $2,000 to $1,800, the reduction affects Galaxy but not Acadian.
In Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967), our Supreme Court defined the basis for indemnity as a cause arising out of implied or quasi contract for unjust enrichment. In the present case, Galaxy is enriched and Acadian is impoverished only to the extent of the plaintiff's actual loss. However, for the difference between the trial court's judgment against Acadian, which is now final, and that ultimately rendered in favor of plaintiff on appeal against Galaxy, although Acadian is impoverished, Galaxy is not enriched. Accordingly, the effect of Galaxy's successful appeal and Acadian's failure to appeal is that the judgment shall be amended so that Galaxy is liable in solido with Acadian only to the extent of $5,572.20, and Acadian is entitled to indemnity from Galaxy only for that amount. LSA-C.C. art. 2091.

ATTORNEY'S FEES
The trial judge allowed legal interest on all awards, including attorney's fees, from date of judicial demand. Galaxy correctly argues that "interest on an award of attorney's fees is allowable only from date of the judgment, since they are not ascertainable prior to that time." DeBlieux v. Arkla Industries, Inc., supra, and cases cited therein. Plaintiff's reference to a case wherein this court rendered judgment granting attorney's fees from date of judicial demand is not authority for the contrary proposition. Robertson v. Jimmy Walker Chrysler-Plymouth, Inc., 368 So.2d 747 (La.App. 3rd Cir.1979), writ denied, 371 So.2d 833, 834 (La.1979). The award of interest in Robertson, supra, from date of judicial demand was an inadvertent error. The award of interest was not made an issue in that case.
Both Acadian and the plaintiff submit that the award of attorney's fees by the trial court is inadequate and request additional attorney's fees in consequence of this appeal. We find no manifest error in the trial court's award of attorney's fees. The plaintiff and Acadian were both successful at the trial level; however, Galaxy's appeal has resulted in a dimunition of the trial court's award both to the plaintiff and Acadian as third party plaintiff. Galaxy's appeal as to Acadian is successful to the extent that the award of indemnity is reduced. Under such circumstances, we do not believe that either is entitled to any additional attorney's fees for services on appeal. Gagnard v. Travelers Insurance Co., 380 So.2d 191 (La.App. 3rd Cir.1980).

*862 DECREE
For the above and foregoing reasons, the judgment of the trial court is amended and its decree is recast as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Nelson McManus, and against Galaxy Carpet Mills, Inc. and Acadian Carpets, Inc., in solido, for the sum of Five Thousand Five Hundred Seventy-Two and 20/100 Dollars ($5,572.20), plus legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be additional judgment herein in favor of Nelson McManus and against Acadian Carpets, Inc. for the sum of Two Hundred & No/100 Dollars ($200.00) plus legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment herein in favor of Nelson McManus and against Galaxy Carpet Mills, Inc. for the additional sum of Two Thousand Sixty-eight and 05/100 Dollars ($2,068.05), as damages and attorney's fees, together with legal interest thereon from date of judgment until paid.
It is further ordered, adjudged and decreed that there be judgment herein in favor of Acadian Carpets, Inc. and against Galaxy Carpet Mills, Inc. to the extent of any amounts paid by Acadian on the in solido award to plaintiff of Five Thousand Five Hundred Seventy-two and 20/100 Dollars ($5,572.20).
It is further ordered, adjudged and decreed that there be judgment herein in favor of Acadian Carpets, Inc. and against Galaxy Carpet Mills, Inc. in the additional sum of Seven Hundred Eighty-seven and 50/100 Dollars ($787.50), as attorney's fees, together with legal interest thereon from date of judgment until paid.
Finally, it is ordered, adjudged and decreed that Galaxy Carpet Mills, Inc. is cast for all costs in the trial court.
Plaintiff, Nelson McManus, and Galaxy Carpet Mills, Inc. are cast for costs of this appeal in the proportion of one-half (½) to each.
RENDERED AS AMENDED.
GUIDRY, J., dissents in part and assigns written reasons.
GUIDRY, Judge, dissenting in part.
For the reasons which follow I respectfully dissent from the affirmation by the majority of the trial court's award of damages to the plaintiff, Nelson McManus, against Galaxy and Acadian for "Expenses Incurred" in the amount of $3,000.00 and its award against Galaxy for "Damages" in the amount of $500.00. In all other respects, I fully agree with the opinion of this court.
The trial judge, in his written reasons for judgment, gives no explanation for the awards above mentioned. In plaintiff's petition, the $3,000.00 is listed as expenses incurred due to inconvenience, etc. In his written reasons, the trial judge simply lists this item as "expense incurred". The $500.00 award is not even set out as an item of damages in the plaintiff's petition. Other than the installation charges, which is treated as a separate item, the record is devoid of evidence of pecuniary loss or privation of pecuniary gain. In brief, counsel for plaintiff refers to these items as general or consequential damages and in support of the award stated as follows:

"These acts by Galaxy in avoiding its legal duty caused the McManuses immeasurable inconvenience and embarrassment and the record abounds with examples of their distress..."[1]
The bad faith seller is answerable to the buyer for the restitution of the price, for repayment of expenses, including attorney's fees, and for damages. LSA-C.C. Art. 2545. Damages are the amount of the loss of the creditor or of the gain of which he has been deprived. LSA-C.C. Art. 1934(3). It is well settled that in actions for breach of contract or redhibition the complaining party is not entitled to recover damages for mental anguish or inconvenience etc., unless it is clearly established that the contract *863 has for its principal object the "gratification of some intellectual enjoyment". LSA-C.C. Art. 1934(3); Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976); DeBlieux v. Arkla Industries, Inc., 390 So.2d 233 (La.App. 3rd Cir.1980), writ refused, 396 So.2d 901 (La.1981); Stratton-Baldwin Co., Inc. v. Brown, 343 So.2d 292 (La. App. 1st Cir.1977); Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979). In my view, considering the rationale of the cited cases, a contract for the installation of carpet in a home is not one which has, as its principal object, the "gratification of some intellectual enjoyment". In Ostrowe, supra, the Supreme Court rejected the proposition that breach of a contract to construct a distinctively designed home would allow for the recovery of non-pecuniary damages stating:
"In their effort to meet this problem plaintiffs in brief have referred to the building involved here as a `distinctively designed home intended to suit their individual desires' depicted through the plans referred to in the contract. The house is also described as `an exclusive, specially designed residence in an exclusive subdivision.' But even accepting these descriptions of the house, which do not appear in this record, to be factual, we do not understand that a contract for the construction of a house described as `distinctively designed' has as a purpose intellectual gratification under the terms of Article 1934(3).
And, carrying the reasoning still further, if such a contract has as a purpose intellectual gratification is that gratification the principal object of the contract? We think not."
In my opinion, it is incongruous to hold that one cannot recover non-pecuniary damages for defects in a "distinctively designed home" but that one can recover such damages if it be established that there are defects in the flooring or carpeting installed in that home. I conclude that the trial judge erred in awarding non-pecuniary damages and would amend the judgment so as to disallow such awards.
For these reasons, I respectfully dissent in part.
NOTES
[1] Mrs. Nelson McManus is not a party to this suit.