478 So.2d 185 (1985)
Danny W. SMITH, Sr., Plaintiff-Appellant,
v.
FIRST NATIONAL BANK OF DERIDDER, Defendant-Appellee.
No. 84-747.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*186 McClain, Morgan & Savoy, R. Scott McClain, Lake Charles, for plaintiff-appellant.
Camp, Carmouche, Randy J. Fuerst, Brame, Bertstedt, David A. Fraser, Nick Pizzolatto, Jr., Lake Charles, for defendant-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
The plaintiff, Danny Smith, Sr., appeals a judgment finding that he had donated an annuity certificate to his wife, and refusing to award damages against the defendant, First National Bank of DeRidder, in the full amount of the annuity certificate removed from his safe deposit box.
The plaintiff, Mr. Smith, rented the box in January 1980. He married Karen Ann Smith on October 17, 1980. They lived together until about October 1, 1982. In late September, 1982, while Mr. Smith was away on business, Mrs. Smith moved out of the family home. Before leaving, she took the key to the safe deposit box from Mr. Smith's jewelry box. She took the key to the First National Bank of DeRidder. She identified herself and requested permission to open Mr. Smith's safe deposit box. Her request was granted. She removed from the box an annuity certificate issued in her name in the amount of $10,000.00. It had allegedly been placed in the box at her request. On approximately November 12, 1982, Mrs. Smith surrendered the certificate and received about $11,000.00.
Before this court on appeal are issues concerning the ownership of the certificate, and the liability of First National Bank for damages to Mr. Smith.

OWNERSHIP
We agree with the trial court that the certificate was the property of Mrs. Smith.
The deferred annuity certificate was bought in November 1981, with money received from the sale of certain real property making up a part of Mr. Smith's separate estate. At the request of Mr. Smith, the certificate was issued showing Karen A. Smith as owner, Danny W. Smith, Sr. as participant, and Jennifer G. Smith, their daughter, as beneficiary.
Incorporeal movables such as an annuity acount are not susceptible to manual donation without formality under Civil Code article 1539. However, the testimony in this case indicates that the intention was to donate a fund of money to Mrs. Smith for her use in emergencies. Cash may properly be the subject of a manual gift. There is no need for the donor to actually hand over the cash to the donee, in order for there to be a valid manual donation of cash. It is sufficient that the will of the donor to give and the actual possession of the property operate simultaneously. Succession of Miller, 405 So.2d 812 (La.1981).
Since the consideration furnished for the annuity certificate was intended as the donation, the annuity was the separate property of Mrs. Smith. Primeaux v. Libersat, 322 So.2d 147 (La.1975).

*187 LIABILITY OF FIRST NATIONAL BANK
With regard to the liability of First National for allowing Mrs. Smith to enter Mr. Smith's private safe deposit box, questions arise with regard to the relationship of bank to box holder. However, under the circumstances of this case, it is not necessary to determine whether the relationship is one of deposit or one of lease. In this case, Mr. Smith failed to carry his burden of proving damages and may not recover regardless of the nature of the duty owed to him by the bank. "[I]n a suit for damages, it is the plaintiff's burden to prove the damage he suffered as a result of the defendant's fault, and to support that award there must be evidence in the record." Borden, Inc. v. Howard Trucking Co. Inc., 454 So.2d 1081 (La.1983).
As has been discussed above, the certificate was the property of Mrs. Smith. Consequently, Mr. Smith suffered no pecuniary loss.
Mr. Smith further asserts he sustained damages as a result of not having the value of the annuity certificate to apply on the indebtedness of Karen Smith to him in settlement of the community property regime. We agree with the trial court that these damages are too remote, indirect, uncertain, and speculative to impose liability for them on First National. The courts are not entitled to award speculative damages which have not been established with some degree of specificity. Smith v. White, 411 So.2d 731 (La.App. 3rd Cir. 1982). Therefore, Smith is not entitled to these damages.
The trial court did award general damages for mental anguish in the amount of $1,000.00. The defendant did not answer the appeal and did not oppose this award either in their brief or at oral argument. Therefore, we will not disturb the award.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.