496 So.2d 1301 (1986)
ROYAL CONSTRUCTION COMPANY, INC., Plaintiff-Appellee,
v.
Joseph Clement SIAS, et al., Defendants-Appellants.
No. 85-1255.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
*1302 Shelton and Legendre, Karl W. Bengston, Lafayette, for defendants-appellants.
Armentor and Wattigny, Gerard B. Wattigny, New Iberia, for plaintiff-appellee.
Before GUIDRY, DOUCET and KING, JJ.
DOUCET, Judge.
Royal Construction Company, Inc. instituted this suit against Joseph and Marion Sias to recover amounts alleged to be due plaintiff for the addition to, and remodeling of, defendants' home. Defendants reconvened seeking damages necessary for the correction of defective workmanship, and for inconvenience, mental anguish and attorney's fees. From a judgment rendered in favor of plaintiff, defendants appeal.
In October 1983, Joseph and Marion Sias entered into a contract with Royal Construction Company, Inc. to remodel and substantially add on to their existing home in Cade. The contract price was $73,057.00. Payments were to be made no later than five days after the end of the period covered by invoices with interest assessed at 18% per annum for overdue payments. The contract also provided for attorney's fees in the amount of 25%. The work was to be substantially completed no later than January 10, 1984. Accordingly, a penalty provision was contained in the contract.
Construction proceeded and defendants made three payments on the contract totaling $66,151.48. During the course of construction, defendants requested additional work which was not specified in the original contract. Donald Gray, who supervised the work for plaintiff, testified that he gave Mr. Sias written or verbal estimates of the costs of most of the extra work prior to the work being performed. Alexis Mallet, plaintiff's president and principal shareholder, testified that he reviewed most of *1303 Mr. Gray's estimates before the work was performed.
Mr. Sias testified that he was not given estimates for all of the extra work performed. He also stated that many of the estimates he had received were much lower than the amounts for which he was subsequently billed.
A bill for extra work in the amount of $9,473.53 was submitted to Mr. Sias on January 4, 1984. He paid this amount in full on January 11, 1984. On March 16, 1984, Mr. Sias was billed for extra work in the amount of $23,659.74. He disputed the amounts of the charges and alleged that some of the work was included in the original contract price. Plaintiff withdrew that bill and submitted bills on March 29, 1984 for $11,294.93, and on April 5, 1984, for $8,015.91. Mr. Sias disputed these charges and a bill submitted for dirt work in the amount of $13,397.50. The amount of the bill for dirt work was later reduced to $11,885.00 and resubmitted to Mr. Sias on April 6, 1984.
Mr. Sias continued to complain about the quality of the work and the charges he was billed for the extra work. He notified plaintiff that he would pay the balance due on the original contract only after plaintiff completed the contract work. Plaintiff responded by ceasing all work on the defendants' home in early April, claiming that defendants' non-payment was in violation of the original contract. Plaintiff instituted this action on May 22, 1984, seeking a judgment against defendants in the amount of $39,829.87 plus attorney's fees. This amount included the balance due on the contract and the extra work.
At trial, Pierre Schwing and Edward Ware were both qualified as experts in the field of construction. Both testified that most of Mr. Sias' complaints of shoddy workmanship concerned "punch list" items. A punch list contains items, usually minor, that must be corrected by the contractor. Pierre Schwing, plaintiff's witness, testified that it would take two or three days and cost no more than $1,000.00 to correct the punch list items. Edward Ware, defendants' witness, could not estimate the cost but stated that it would take two or three days to correct the items.
The trial court found that the original contract had been substantially completed and the plaintiff was due the balance owed on the contract, $6,905.52, less $1,000.00 it would cost to correct the punch list items. Attorney's fees in the amount of $1,475.00 were also awarded to plaintiff.
The trial court also found there had been no contract for the extra work. Plaintiff introduced the bills for the extra work performed. The trial court found that plaintiff had met its burden of proving its right to recover $33,924.02 on a theory of quantum meruit. No attorney's fees were awarded relating to the extra work.
Defendants cite four specifications of error by the trial court:
1. The trial court erred in awarding damages in excess of the sum of the amounts claimed after reductions for credit due.
2. The trial court erred in awarding damages on a quantum meruit basis where there was no evidence to substantiate such a claim.
3. The trial court erred in failing to award defendants/plaintiffs-in-reconvention, contractual damages for delay in completion of the project.
4. The trial court erred in failing to award to Mr. and Mrs. Sias, damages for mental and physical distress related to the delays and shoddy workmanship of Royal Construction.
We will address these in a different order.
Defendants contend the trial court erred in failing to award them any contractual damages for delay pursuant to their reconventional demand.
The original contract stipulated that work on the Sias residence was to have been substantially completed by January 10, 1984. The contract also provided for additional time for completion "as requested and required" because of delays caused by weather conditions or other delays for reasons beyond plaintiff's control. The *1304 contract provided for liquidated damages in the amount of $250.00 for each day that completion was delayed beyond January 10, 1984.
Defendants claim they are entitled to damages in the amount of $21,500.00 based on a delay of 86 days. Plaintiff introduced a list of 100 days it claimed were necessary to perform the extra work on the Sias residence. Plaintiff also introduced a list it claims represented 62 days on which rain prevented construction on the defendants' home.
Mr. Sias claims that it did not rain on at least five days listed by plaintiff and that the number of days required for the extra work is exaggerated. Defendants also argue that plaintiff was required to make specific requests for additional time in advance. Plaintiff apparently made no request until April 1984. We find the evidence supported the trial court's dismissal of defendants' reconventional demand seeking damages for delay.
Defendants next contend that the trial court erred in failing to award them damages for mental and physical distress related to the delays and shoddy workmanship by plaintiff. Defendants cite two cases for the proposition that a contract for the remodeling of a private residence creates a right to recover non-pecuniary losses. McManus v. Galaxy Carpet Mills, Inc., 433 So.2d 854 (La.App. 3rd Cir.1983); and Pike v. Stephens Imports, Inc., 448 So.2d 738 (La.App. 4th Cir.1984).
We feel they are not applicable to the instant case. McManus involved a suit for redhibition in which non-pecuniary damages were awarded for defective carpet installed in the plaintiff's home. The court found that intellectual enjoyment was a principal object of the contract. Defendants have never asserted that intellectual enjoyment was a primary object of the contract with plaintiff. Stephens involved a luxury automobile which was in and out of the shop for repairs for 3½ years before it was completely repaired.
Louisiana has generally allowed damages for mental anguish as a result of damage to property in only four instances when: (1) Property is damaged by an intentional or illegal act; (2) Property is damaged by acts for which the tortfeaser will be strictly or absolutely liable; (3) Property is damaged by acts constituting a continuous nuisance; and (4) Property is damaged at a time in which the owner is present or situated nearby and the owner experiences a trauma as a result. Meshell v. Insurance Co. of North America, 416 So.2d 1383 (La.App. 3rd Cir.1982); Farr v. Johnson, 308 So.2d 884 (La.App. 3rd Cir.1975), writ not considered, 310 So.2d 854 (La. 1975); aff'd, 315 So.2d 143 (La.1975). Defendants' claims do not fit under the first three instances. Neither have defendants presented any evidence of actual trauma suffered by them. We also feel the evidence has shown the plaintiff was entitled to the delay in completion and that only minor corrections are necessary to remedy problems with the construction. We find the evidence supports the trial court's dismissal of defendants' reconvential demand for damages for mental anguish.
Defendants contend that the trial court erred in awarding damages on a quantum meruit basis where there was no evidence to substantiate such a claim.
In their respective briefs, defendant-appellant and plaintiff-appellee both agree with the finding by the trial court that there was no contract for the extra work. The award made to plaintiff was based on quantum meruit.
Quantum meruit is an equitable doctrine which is based on the concept that no one who benefits by the labor and materials of another, should be unjustly enriched thereby. In such a case, the law implies a promise to pay a reasonable amount for the labor and materials furnished, notwithstanding the absence of a specific contract. LSA-C.C. arts. 2055, 2292-2294; LSA-C.C. art. 1965 (Repealed); Sound Doctor Recording Studio, Inc. v. Conn, 391 So.2d 520 (La.App. 3rd Cir.1980); Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd *1305 Cir.1976); Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (La.App. 3rd Cir.1975).
The plaintiff who establishes his right to be compensated on quantum meruit should recover as much as he is reasonably entitled for his services, or for the labor and materials he furnished for the defendant's benefit. The amount the plaintiff can recover, however, is subject to a double limitation: (1) He cannot recover more than the actual value of the materials and labor furnished, including a fair profit; and (2) He cannot recover more than the amount by which the defendant was enriched by his furnishing of labor and materials. Sound Doctor Recording Studio, Inc. v. Conn, supra; Swiftships, Inc. v. Burdin, supra; and Custom Builders & Supply, Inc. v. Revels, supra.
It is not contested by defendants that the extra work was actually performed by plaintiff. The burden, however, falls on the plaintiff to prove the value of the labor and materials furnished by him. When he does that, he makes out a prima facie case for recovery on quantum meruit.
The bulk of the evidence produced by the plaintiff consisted of three bills for the extra work. The bills listed the items of work and a single monetary figure for each item. Donald Gray and Alexis Mallet both testified that the figures represented plaintiff's actual cost for labor and materials plus 10% to 15% for profit and overhead. Several of these amounts were broken down or substantiated by sales invoices; most were not.
In Jones v. City of Lake Charles, our brethren found that two invoices totaling $3,700.00 presented by plaintiffs for work allegedly performed by them, were not sufficient to enable the court to compute "with any reasonable certainty", the amount which plaintiffs were entitled to recover on quantum meruit, 295 So.2d 914 (La.App. 3rd Cir.1974). The amended award by the court was based on expert testimony that the value of the work was $1,000.00. In Swiftships, Inc. v. Burdin, supra, the award to the plaintiff on quantum meruit was substantiated by an itemized statement which established the actual value of the labor and materials furnished by the plaintiff.
The assessment of an award on quantum meruit can be analogized to the assessment of an award for damages. A court may not award speculative damages which have not been established with some degree of detail and specificity. Smith v. First National Bank of Deridder, 478 So.2d 185 (La.App. 3rd Cir.1985); Smith v. White, 411 So.2d 731 (La.App. 3rd Cir. 1982).
Considering the law and the evidence, we find that plaintiff did not prove the actual value of the labor and materials it furnished for much of the extra work performed for the defendants. Such value must be established with enough detail and specificity to enable the trial court to determine, with reasonable certainty, the amount to which plaintiff is entitled to recover on quantum meruit.
Plaintiff met his burden of proof as to some items of extra work such as the dirt work, the waste treatment plant, and the fence. However, the award as a whole was not supported by the evidence and was clearly wrong.
In view of the fact that there is no dispute the extra work was actually performed, we feel the ends of justice will be served by a remand of this case for trial on the issue of the amount plaintiff is entitled to recover on quantum meruit for all of the extra work.

DECREE
We reverse the judgment of the trial court insofar as it awards plaintiff $33,924.02 based on quantum meruit. We affirm the judgment of the trial court in all other respects. This case is remanded to the district court for a new trial on the issue of the amount plaintiff is entitled to recover on quantum meruit for all of the extra work performed.
*1306 Costs of this appeal are assessed against plaintiff-appellee.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.