(91 South. 435)

No. 24629.

## Succession of MANNING.

(March 27, 1922. Rehearing Denied April 18, 1922.)

*(Syllabus by Editorial Staff.)*

1. Judgment ⬅➡252(1)—Decree recognizing husband as sole heir would be ultra petitionem when no such prayer in petition.

Where the prayers of a petition filed by a husband in the mortuary proceedings on his wife's succession were that the will be declared null and void, and in the alternative that the property be adjudged as belonging to the community, and that he be recognized as sole owner of one-half of the property, a decree recognizing him as his wife's sole and only heir would be ultra petitionem, and, the attack on the wife's testamentary capacity having been abandoned, the only question was whether the property was separate community property.

2. Husband and wife ⬅➡265½, New, vol. 14A Key-No. Series—Husband not estopped from claiming property purchased for community where act of sale does not show source of consideration.

Where the act of sale of land to a married woman to have and to hold, to her and to her heirs and assigns, to their proper use and behoof forever, did not state the source of the consideration, nor that the property was acquired for her separate use and benefit, the husband was not estopped from claiming that the acquisition was for the benefit of the community.

3. Husband and wife ⬅➡262(1) — Presumed that wife acted as agent of community in purchasing real estate, and presumption rebuttable only by clear evidence.

Where the act of sale of land to a married woman does not state the source of the consideration, or that it was acquired for her separate use and benefit, the presumption is that she acted as agent of the community, and under Civ. Code, art. 2287, dispensing with other proof in favor of one for whom a presumption exists, the presumption can only be rebutted by evidence of the clearest character.

4. Husband and wife ⬅➡264—Evidence insufficient to show property owned by wife upon death was paraphernal and separate.

Under Civ. Code, art. 2405, providing that effects possessed by husband or wife at the dissolution of the marriage are presumed com-

mon effects or gains unless the contrary be satisfactorily proved, and article 2287, dispensing with other proof in favor of one for whom a presumption exists, evidence showing merely that a woman was industrious before her marriage, but not showing what wages she earned, or whether property was acquired before or after marriage, is insufficient to show that the property was paraphernal and separate.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Proceedings on a petition filed in the mortuary proceedings on the succession of Nellie Barrett Manning by Patrick Manning. From a judgment for defendants, the legal representative of the succession of Patrick Manning appeals. Judgment avoided and reversed and judgment directed.

Dart, Kernan & Dart, of New Orleans, for appellant.

Alfred D. Danziger, of New Orleans (Percival H. Stern, of New Orleans, of counsel), for appellees Cotter and others.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Nellie Barrett Manning, wife of Patrick Manning, died in the city of New Orleans June 13, 1919, leaving a will in nuncupative form by public act, whereby she made the following dispositions. She desired that her home be sold and with the proceeds that a tomb be built for her in St. Patrick's Cemetery No. 3, to cost $1,800, and $200 to pay for her funeral expenses. She then made the following bequests: Her $500 United States bond to Andrew John Cotter; five premium bonds and her diamond ring to her sister, Helen Cotter; two lots in Bay St. Louis to Hanna Pichon, also the silverware in her house; $200 to Michael Cotter; her gold watch and chain to Helen Pichon; her diamond earrings to Eugene Pichon; to her husband she bequeathed four Liberty Bonds and the rest and residue of her succession, instituting him her universal legatee. This will was ordered to be registered and executed June 16, 1919. An inventory of the property claimed to belong to her succession, made July 2, 1919, shows in its recapitulation an appraisement of bonds, $1,001, of War Saving Stamps $17.20, of household effects $128.55, of real estate $2,000, and cash in bank $200.48, totaling altogether $3,347.23.

Thereafter Patrick Manning, surviving husband of the deceased, appeared in the mortuary proceedings by petition, wherein he claims that the will is null and void for the reason that testatrix had for several years prior to the confection of said will been gradually failing in mind and body so that when she made said will she was irresponsible and devoid of understanding. He further averred that the property disposed of by said will was community property, and that testatrix could only have disposed of her proportion thereof; that under any interpretation of said will its terms could not be carried out; and that he is the only heir of deceased, and as such entitled to inherit her whole estate. Petitioner then prays that the will be declared null and void, and in the alternative that the property disposed of in said will be adjudged as belonging to the community lately existing between himself and the deceased, and as such that he be recognized as sole owner of one-half of the said property.

The district court, after due trial and hearing, dismissed the demand of Patrick Manning and rendered judgment in favor of the defendants, who are the executor and the legatees under the will. From that judgment Patrick Manning has taken the present appeal.

Taking the pleadings as our guide in determining what issues are presented by this appeal, we notice that the prayer of the opposition filed by Patrick Manning is not as broad as the allegations of his petition. He prays that the will be declared null, and, in the alternative—meaning that if said will is not null—that the property disposed of

therein be declared to belong to the community, and as such that he be recognized as owner of one-half thereof.

[1] In this court opponent has abandoned his attack on the testamentary capacity of his deceased wife. He charged in his petition that his wife was mentally incapable of making a valid disposition of her property. On the trial of the case evidence was adduced to sustain that allegation, but its apparent insufficiency has no doubt caused opponent to abandon that ground of attack on the will. He also charges in his petition that "under any interpretation of the above-mentioned will its terms could not be carried out," and he further alleges that "he is the sole and only heir of the deceased and as such entitled to inherit her whole estate." But in the prayer of his opposition he fails to ask that he be recognized as the sole and only heir of the deceased, and we are not, therefore, called upon to enter a decree to that effect, as such decree would be ultra petitionem. If, then, opponent is not recognized as heir of his deceased wife, we fail to see what interest he has in questioning the interpretation of her will if she was thereby only capable of disposing of her half of the community property to which he makes no claim in the prayer of his petition. It is manifest that the only issue to be determined under the pleadings is whether the property inventoried in the succession of Nellie Barrett Manning, disposed of by her in her last will and testament made March 25, 1919, is the separate property of the deceased or property of the community lately existing between the deceased and opponent, Patrick Manning.

[2, 3] All the property inventoried in the succession of Mrs. Manning, with the possible exception of the premium bonds, was acquired during her marriage with Patrick Manning. The most valuable item in the inventory, the property which deceased in her will called her home, was acquired on the 14th of May, 1909, from the People's Homestead Association, during the régime of the community, and the act of sale recites that it was purchased by Mrs. Nellie Barrett, wife of Patrick Manning, purchasing for herself, her heirs and assigns, to have and to hold said property and appurtenances unto the said purchaser, her heirs and assigns to their proper use and behoof forever. The act does not state the source of the consideration—whether separate funds of the wife—nor that the property was acquired for her separate use and benefit. The husband is therefore not estopped from claiming that the acquisition was for the benefit of the community, and the legal presumption is that the wife acted as agent of the community. This presumption is so great that, in the language of the Code (article 2287), it dispenses with all other proof in favor of him for whom it exists, and it can only be rebutted by evidence of the clearest character.

[4] The evidence in the record shows at most that before her marriage, Nellie Barrett was an industrious girl; that she worked as maid or assistant housekeeper in the families of the late John T. Hardie and the late R. M. Walmsley. She was married to Patrick Manning in 1893. There is no reliable proof as to the wages that she earned before her marriage, but there is hearsay evidence that she held some premium bonds of the city of New Orleans. It is not even made clear whether she acquired these bonds before or after her marriage. The testimony of Patrick Manning, who was a member of the police force of the city of New Orleans, is so unsatisfactory that it lends color to the theory that he never earned enough money to have bought the property listed in the inventory. But, under the articles of the Code above recited, the burden of proof was not on opponent to show the community character of the property, but it was upon those who claim through the deceased wife to show that the property was paraphernal

and separate. Such proof does not appear in the record, and, according to the provisions of article 2405, C. C., to the effect that at the time of the dissolution of the marriage all effects which both husband and wife reciprocally possess are presumed common effects or gains, unless it be satisfactorily proved which of such effects they brought in marriage, or which have been given them separately, or which they have respectively inherited, we are perforce led to the conclusion that all of said property belonged to the community, and that opponent, Patrick Manning, owned one-half thereof.

For these reasons the judgment appealed from is avoided and reversed, and it is now ordered that Patrick Manning's demand for the nullity of the will of the late Nellie Barrett Manning, his wife, be dismissed, that the property listed in the inventory of the succession of said Nellie Barrett Manning be recognized and decreed to belong to the community lately existing between Patrick Manning and the said Nellie Barrett Manning, his wife, and that said Patrick Manning be recognized as owner of one undivided half thereof, costs of the lower court to be paid one half by opponent and the other half by the succession of Nellie Barrett Manning, and costs of appeal to be paid by the succession of Nellie Barrett Manning.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.