647 So.2d 1164 (1994)
Sheila SALLEY, Plaintiff-Appellant,
v.
Richard SALLEY, Defendant-Appellee.
No. 94-418.
Court of Appeal of Louisiana, Third Circuit.
November 23, 1994.
Rehearing Denied January 18, 1995.
*1165 W. Bernard Kramer, for Sheila Salley.
Steven Patrick Mansour, for Richard Salley.
Before THIBODEAUX, COOKS and SAUNDERS, JJ.
SAUNDERS, Judge.
The plaintiff-appellant, Sheila Salley, appeals the trial court's ruling that proceeds from the redemption of her former husband's, Richard Salley, stock donated to him by his father was his separate property. Additionally, plaintiff contends that the trial court erred when it held that defendant's purchase of certificates of deposit, an automobile, and twenty acres of land from the funds generated by that stock redemption were his separate property. Appellant also contends that the trial court erred in finding that the stock did not increase in value during the existence of the community regime. Appellant also argues as an assignment of error that the trial court erred in finding that the life insurance policy purchased by Richard Salley prior to his marriage to Sheila Salley was his separate property. Finally, appellant argues that the trial court erred in finding that Richard Salley should be reimbursed for paying debts of the community.
*1166 For the following reasons, we affirm the trial court's rulings.

Issues Presented
1) Whether the trial court erred in finding that the former wife of defendant was not entitled to one half (½) of the enhanced value of stock in the corporation owned by him as his separate property. 2) Whether the proceeds from the redemption of stock is the separate property of defendant. 3) Whether defendant commingled the proceeds from the stock redemption into the community regime. 4) Whether purchase of a 1987 Jeep and twenty (20) acres of land paid for from the proceeds of the stock redemption are part of the community property of the Salleys. 5) Whether the trial court erred in holding that the life insurance policy purchased by defendant prior to the establishment of the community property regime was the separate property of defendant.
We pretermit a discussion of plaintiff-appellant's assignment of error number eight (8) because that legal issue is resolved in our finding that the stock and the proceeds from the redemption of that stock was the separate property of Richard Salley. Assignments six (6), seven (7), and nine (9), are combined and addressed by this court's discussion of Issue III.

Facts
Sheila Salley, plaintiff-appellant, married Richard Salley, defendant-appellee, on November 24, 1973. The couple separated on May 17, 1991, and filed for divorce on May 21, 1991. Subsequently, the trial court rendered a judgment of divorce on January 6, 1992.
Richard Salley's parents, James W. Salley, Sr. and Mildred Salley, owned and operated Salley's Food Store, Inc. From December 24, 1973, to 1982, Richard Salley's parents donated to him a total of 370 shares in the corporation.
In 1986, Richard Salley and his father redeemed their stock back to the corporation. As a result of the redemption of his shares, Richard Salley received $814,000.00. Richard Salley made several purchases with the funds earned in the redemption, including immovable property, two cars, a large diamond ring, an automobile, and a variety of securities. At trial, the parties stipulated that the shares and proceeds earned from the redemption of those shares were the separate property of Richard Salley.
The principle issue contested was whether the proceeds from the redemption of those shares were commingled with the community, and thus, became a part of the community property of Richard and Sheila Salley. Additionally, whether the items purchased by Richard with the proceeds from the stock redemption were donated to his former wife Sheila.

Issue I
Whether the trial court erred in finding that the former wife of defendant was not entitled to one half (½) of the enhanced value of stock in the corporation owned by him as his separate property.
Sheila Salley claims that the provisions of La.C.C. art. 2368 entitle her to one half (½) of the increase in value of her former husband's shares in Salley's Food Store, Inc. that he owned as separate property. Specifically, La.C.C. art. 2368 provides:
If the separate property of a spouse has increased in value as a result of the uncompensated common labor or industry of the spouses, the other spouse is entitled to be reimbursed from the spouse whose property has increased in value one-half of the increase attributed to the common labor. (Emphasis added.)
The trial court ruled that Sheila Salley failed to prove that the separate property, i.e., 370 shares of Salley's Food Store, Inc., of her former husband had increased in value during the existence of the community property, and thus, implicitly ruled that La.C.C. art. 2368 did not apply.[1]
*1167 The Louisiana Supreme Court recently addressed similar issues raised in the case sub judice:
"When it is shown that community labor, expenses or industry has provided an increase to the separate property, the burden shifts to the owner of that separate property to rebut this proof and affirmatively establish that the increase is due only to the ordinary course of things, rise in values or chances of trade."
Krielow v. Krielow, 635 So.2d 180, 183 (La. 1994) (citing Abraham v. Abraham, 230 La. 78, 87 So.2d 735, 739 (1956)). In Krielow, supra, the Louisiana Supreme Court cleared up the jurisprudential inconsistencies among the courts of appeal and unequivocally established that the spouse claiming ownership in his or her former spouse's separate property carries the burden of proving 1) an increase in the value of a former spouse's separate property during the existence of the community property regime and 2) that the increase was due to the uncompensated or undercompensated labor of either spouse. Once the claimant spouse establishes a prima facie case of the increase in value and the requisite cause for the increase in value, the burden then shifts to the spouse owning the separate property to rebut that proof and affirmatively establish that the increase was due solely to the ordinary course of things, rise in values or chances of trade. Krielow, supra.[2]
The trial court ended its legal analysis on that issue raised by the plaintiff, when it ruled that Sheila Salley failed to carry the first part of the burden of proof that the law imposes on her, i.e., the separate property of her husband increased in value during the existence of their community property regime. We find that claimant spouse, Sheila Salley, arguably established that her former husband's stock in Salley's Food Store, Inc., increased in value during the existence of the community property regime.[3] We find nothing in the record, however, that even remotely suggests that the increase in the value of the stock was due to Richard's uncompensated or undercompensated labor nor do we find any evidence in the record that suggests Sheila Salley contributed in any way to the increase in the value of the stock in the store. Plaintiff failed to present any evidence establishing that the community endured any hardship or inequities or made any sacrifices that contributed to the increased value in Richard Salley's stock.
Accordingly, we find that even if the trial court erred in its ruling that the Richard Salley's shares of Salley's Food Store, Inc. did not increase in value during the couple's community property regime, we hold that the trial court's findings of fact[4] and ruling of law was correct. Sheila Salley was not entitled to one half (½) of the alleged increase in the value of her former husband's stock in Salley's Food Store.

Issue II
Whether the proceeds from the redemption of stock is the separate property of defendant.
The record indicates that the trial court accepted a stipulation offered by both defendant and plaintiff at the beginning of the trial that Richard Salley's stock in Salley's Food Stores, Inc. and proceeds from the redemption of that stock was his separate property. At the conclusion of the trial, however, when the trial court ruled that the funds received from the redemption of the stock was the separate property of Richard Salley, the appellant objected to the trial court's ruling and denied making or agreeing to that stipulation.
*1168 Assuming arguendo that the plaintiff did not stipulate that the stock and proceeds from the redemption of that stock was the separate property of Richard Salley, we find that the record offers no support to the plaintiff's contention that the stock or the proceeds from the redemption of that stock was part of the community property regime of Richard and Sheila Salley. "Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property." La.C.C. art. 2340. "The burden of overcoming the presumption of community property set out in La.C.C. art. 2340 rests upon the party who asserts that the property is separate. To meet this burden, the proof must be clear, positive and of a legally certain nature that the property was separate instead of community." (Emphasis added.) Allbritton v. Allbritton, 561 So.2d 125, 128 (La.App. 3d Cir.), writs denied, 565 So.2d 445 and 565 So.2d 454 (La. 1990).
Before proceeding any further into our analysis of this issue, it is incumbent on this court to ascertain the meaning of the hybrid burden of proof established by Louisiana courts: "clear, positive, and of a legally certain nature." The Louisiana Supreme Court first used this specific language in Prince v. Hudson, 230 La. 575, 89 So.2d 128 (1956).[5] In attempting to apply this level of proof, we note that it is proof greater than a preponderance of the evidence, but less than beyond a reasonable doubt. Professors Katherine Spaht and Lee Hargrave have suggested from their study of Louisiana jurisprudence that this standard of proof is an intermediate standard more traditionally stated as "clear and convincing."[6] We agree. Regardless, however, of whether this burden is a new burden or just "clear and convincing" described in different terms, we find that for the following reasons our holding in this case remains the same.
The record shows that Richard Salley overcame the presumption set out in La.C.C. art. 2340 beyond all reasonable doubt that the property was separate rather than community property. The record indicates without any doubt that James Salley made inter vivos donations totaling 370 shares of Salley's Food Store, Inc. to and in the name of only Richard Salley. James Salley and Richard Salley's testimony concerning the donations inter vivos was uncontradicted. No other evidence was presented to indicate anything, but that the shares were the separate property of Richard Salley. "The separate property of a spouse is his exclusively. It comprises ... property acquired by a spouse by inheritance or donation to him individually." (Emphasis added.) La.C.C. art. 2341.
Consequently, we find no error in the trial court's finding that Richard Salley's stock in Salley's Food Store, Inc. was his separate property. Stobart, supra.

Issue III
Whether defendant commingled the proceeds from the stock redemption into the community regime.
Plaintiff contends that the proceeds from the sale of Richard Salley's separate property became community property when he commingled those proceeds with the funds of the community. "Our jurisprudence shows that when separate funds are commingled with community funds to the extent that the separate funds are no longer capable of identification, and it is impossible to trace the origin of the funds, then all of the funds are considered community." Cutting v. Cutting, 625 So.2d 1112, 1115 (La.App. 3d Cir.1993), writ denied, 631 So.2d 453 (La.1994). Moreover, this court has held: "Funds are not *1169 community by virtue of the fact they are in a joint account." Jensen v. Jensen, 630 So.2d 959, 961 (La.App. 3d Cir.1994) (citing Allbritton, supra).
In this case, Richard Salley presented the trial court with lengthy, corroborated and detailed documentary and parol evidence that he acquired the property from his family by donations inter vivos. He also established how he redeemed that stock for $814,000.00. He provided the court with detailed accounts by testimony and bank records showing how he invested, deposited, and spent the proceeds from the stock redemption.
With that evidence, Richard Salley established without any doubt the source and origin of the funds, and the control, investment, and expenditure of the funds. While the plaintiff showed that her former husband made investments in both of their names and individually in her name, the defendant identified and traced back all the funds for those transactions beyond all reasonable doubt. The evidence presented by Richard Salley reveals that none of the funds deposited in any of the accounts were meant as a donation to Sheila Salley and moreover none of those funds ever lost their identity as Richard Salley's separate property. See, Smith v. First Nat. Bank of DeRidder, 478 So.2d 185 (La. App. 3d Cir.1985) (holding that deposited funds may properly be the subject of a manual gift if the will of the donor to give and the actual possession of the property operate simultaneously).
In sum, the record established that Richard Salley invested the proceeds from the redemption of his shares in Salley's Food Store, Inc. and used the interest from his investments to provide income to the community. Specifically, Richard Salley gave his former wife $500.00 each week from which she paid community debts. Otherwise, she had no access, or control over the separate funds of her former husband nor did she ever attempt to assert control over them. The origin of the funds in each account was clearly traced, accounted for, and identified as the separate property of Richard Salley.
Accordingly, we hold that proceeds deposited by Richard Salley in various bank accounts and certificates of deposit including the certificate of deposit No. 5001226 purchased on April 23, 1987, at the Evangeline Bank and Trust Company remained and have always been clearly identifiable as the separate property of Richard Salley. We find that Richard Salley met his burden of showing that the funds deposited were never commingled with community funds, and thus, they should not be adjudicated community property. Finally, we do not find any donation of those funds to his former spouse. The trial court did not commit manifest error nor was it clearly wrong in this finding. Stobart, supra.

Issue IV
Whether purchase of a 1987 Jeep and twenty (20) acres of land paid for from the proceeds of the stock redemption are part of the community property of the Salleys.
"The separate property of a spouse is his exclusively. It comprises ... property acquired by a spouse with separate things." (Emphasis added.) La.C.C. 2341. As we have already pointed out, "Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property." La.C.C. art. 2340. The burden of overcoming that presumption rests upon the party who asserts that the property is separate. Allbritton, supra. To meet this burden, the proof must be clear, positive and of a legally certain nature that the property was separate instead of community. Allbritton, supra.
The evidence presented by defendant-appellee established, first, that the 1987 Jeep was purchased with a check written from the checking account that contained the separate funds of Richard Salley and was controlled and managed exclusively by him. Second, the evidence conclusively established that the funds for the purchase of the 1987 Jeep came from the redemption of his stock in Salley's Food Store, Inc., i.e., his separate property. Finally, the evidence reveals that Richard Salley specifically purchased the Jeep for his personal use and that he was the sole driver of the vehicle. Nothing in the *1170 record suggests that the vehicle was shared or much lest donated to his former wife.
We do not find that the trial court committed manifest error nor was it clearly wrong in ruling that the defendant met his burden of proof and established that the 1987 Jeep was his separate property. Stobart, supra.
As concerns the twenty (20) acres of land, we again find no manifest error in the trial court's ruling. The evidence presented by defendant established first, that the twenty (20) acres were purchased with a check from the checking account which contained the separate funds of Richard Salley and was controlled and managed exclusively by Richard Salley. Second, the evidence presented by defendant established that the source of the funds for the purchase of the twenty (20) acres came from the redemption of his stock in Salley's Food Store, Inc., i.e., his separate funds. Finally, the evidence reveals that Richard Salley, alone, signed for, negotiated, and acquired in his own name ownership and possession of the twenty (20) acres. Nothing in the record suggests that the property was donated or given to his former spouse or the community.

Issue V
Whether the trial court erred in holding that the life insurance policy purchased by defendant prior to the establishment of the community property regime was the separate property of defendant.
Both parties stipulated before trial that the insurance policy purchased by Richard Salley prior to his marriage to Sheila Salley was the separate property of Richard Salley. That the issue was removed from dispute and neither argued or presented to the trial court for a decision. The record reveals that the trial court did rule on that issue at the conclusion of the trial and the plaintiff did not object.
"Issues not submitted to the trial court for decision will generally not be considered by the appellate court on appeal." Roadrunner Motor Rebuilders, Inc. v. Ryan, 603 So.2d 214 (La.App.1st Cir.1992). When the interest of justice requires it, however, this court will review issues not presented to the trial court and raised for the first time on appeal when the record contains all the necessary evidence to determine the question. See, La.C.C.P. art. 2164; see also, Segura v. Frank, 630 So.2d 714 (La.1994); Richard v. Comeaux, 626 So.2d 507 (La.App. 3d Cir.1993).
Having reviewed the record, the facts of the case, the argument of law raised in this assignment of error, and the discussion concerning the stipulation, including the fact the plaintiff never requested a ruling on the issue, we do not find that in the interest of justice this issue should be reviewed. Moreover, we find no merit to the plaintiff's argument.

Conclusion
For the foregoing reasons, we affirm the ruling of the trial court.
AFFIRMED.
COOKS, J., dissents with reasons.
NOTES
[1] The trial court ruled that there was insufficient evidence to support the appellant's contention that the stock value increased during the existence of the Salleys' community regime, and thus, made no ruling concerning whether an increase in the value of the stock would have become part of the community.
[2] The court also held that even if that enhanced or increased value exceeds the value of the uncompensated labor, the claimant spouse is nevertheless entitled to recover the greater amount; article 2368 does not impose a limitation on the amount recoverable. Krielow, supra at 185.
[3] Tax returns for 1986 indicate capital gains in the amount of $777,000.00 from the date Richard Salley acquired the stock to the date he redeemed it.
[4] "A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of `manifest error' or unless it is `clearly wrong.'" Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993) (citing Rosell v. ESCO, 549 So.2d 840 (La.1989)).
[5] Apparently, the higher burden of proof established in Prince evolved from former La.C.C. art. 2287 and cases interpreting that article. For example, in Succession of Manning, 150 La. 1008, 1012, 91 So. 435, 436 (La.1952), the Louisiana Supreme Court held: "This presumption [in favor of community property] is so great that, in the language of the Code (Article 2287), it dispenses with all other proof in favor of him for whom it exists, and it can only be rebutted by evidence of the clearest character." (Emphasis added.) See also, KATHERINE S. SPAHT & W. LEE HARGRAVE, LOUISIANA CIVIL LAW TREATISE: MATRIMONIAL REGIMES § 4.8 (1st ed. 1989).
[6] See SPAHT, infra n. 5.